**CLEVELAND** (City) v **WALSH et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18055. Decided 1941

Henry S. Brainard, Cleveland; Edward Blythin, Cleveland; Robert J. Shoup, for plaintiff-appellant.

Klein & Diehm, Cleveland, for defendant-appellee, Doloris K. Riedel.

DOYLE, PJ. and STEVENS, J. (9th Dist.), and GUERNSEY, J. (3rd Dist.), sitting by designation.

## OPINION

By GUERNSEY, PJ.

This is an appeal on questions of law from a judgment entered in this cause by the Common Pleas Court of Cuyahoga County, Ohio, on July 27, 1940. The

judgment appealed from is in the words and figures following, to-wit:

"This cause came on to be heard upon the application of Doloris K. Reidel, intervening petitioner herein, for the allowance of her counsel fees to be taxed as costs in the above entitled action and upon the argument of counsel and briefs filed in support of said application and in opposition thereto, and the court being fully advised in the premises, finds that said intervening petitioner did institute proceedings, by way of intervention, in this action on July 15, 1937. which resulted in the trial and determination of said cause, which had been instituted on July 28, 1930, and that said cause was actually tried as a result thereof in November, 1937, resulting in a decree granting the prayer of the petitioner, and that said decree is final. The court further finds that the intervening petitioner is entitled to have her counsel fees allowed and assessed as court costs against the plaintiff The City of Cleveland, herein and that services were rendered as set forth in the invoice submitted by said intervenor, and that said services were rendered to the knowledge of this court in the various hearings before it and that the reasonable value thereof is One Thousand Seven Hundred Fifty and no/100 Dollars ($1750). It is therefore ordered, adjudged and decreed that the application of said Doloris K. Reidel, as intervening petitioner and taxpayer and water consumer, be and the same is hereby granted and that there shall be assessed as costs the sum of $1750 against the plaintiff the City of Cleveland, as representing the reasonable value of the services of the counsel of said intervening petitioner, for which sum judgment is hereby rendered against the substituted defendants herein, to all of which the plaintiff and said defendants except."

The plaintiff-appellant filed written assignments of error herein, assigning errors in the following particulars, to-wit:

1. In overruling the motion of plaintiff-appellant to dismiss the intervening petition of the intervening petitioner, Doloris K. Reidel.

2. In finding and holding that any expenses by way of attorney fees should be allowed the said intervening petitioner in this case.

3. In awarding expenses to said intervening petitioner by way of attorney's fees when such intervening petitioner acted on her own behalf and not on behalf of all taxpayers or in behalf of the City of Cleveland.

A stipulation signed by the attorneys for plaintiff-appellant and the intervening petitioner was filed in this case in the Common Pleas Court, under date of November 6, 1940, which, omitting the caption and signatures, reads as follows:

"It is hereby stipulated by and between the intervening petitioner and the City of Cleveland, through their respective counsel, that for the purpose of the hearing in the Court of Appeals, and in conjunction with the bill of exceptions filed by the City of Cleveland in this cause, no error will be claimed by the City of Cleveland to have been committed by the trial court beyond that of granting to the intervening petitioner a sum of money assessed as part of the costs in this cause to compensate her for her attorney fees, it being the contention herein that, as a matter of law, the intervening petitioner in this cause was not entitled to her expenses by way of attorney fees.

"It is also stipulated that the intervening petitioner, over the overruled objections of plaintiff only as appear of record herein, participated in all proceedings in the cause from the filing of her intervening petition to its conclusion."

This stipulation had the effect of limiting the assigned errors, to the single assignment that the judgment appealed from is contrary to law for the reason that, as a matter of law. the intervening petitioner was not entitled to her expenses by way of attorney fees.

In its brief, the appellant the City of Cleveland, makes the following statement as to its claims of error:

"It is claimed by the City of Cleveland. plaintiff-appellant herein, that granting to the intervening petitioner herein, Doloris K. Reidel, her expenses by way of an attorney fee in the amount of $1750 was wholly unauthorized as a matter of law. No question is raised as to the amount, it being the City's contention, solely, that there is no legal authority to allow any fee whatever."

In support of this contention it argues in its brief, certain propositions of law which, although discussed under different headings, may be summarized as follows:
1. There existed no authority to intervene.
2. The intervention of the intervening petitioner did not comply with the requirements of law to authorize the inclusion of her costs and expenses as part of the costs in the cause.

The city does not contend that there is either a want or insufficiency of evidence to sustain the presumed finding of the court upon which the order permitting intervention was based, or the findings of fact appearing in the judgment from which this appeal is taken, and no such contention being made, this court, in considering the contentions of the appellant, will presume as a matter of law that at the time of the making of such order there was evidence before the court warranting it in making the findings of fact set forth in said judgment.

Before considering the two contentions of appellant as to error in the judgment appealed from, it is necessary to note certain facts appearing in the record of this case for this court to review.

The record shows that on July 28, 1930, the City of Cleveland, by Harold H. Burton, Director of Law, as plaintiff, upon the written request of Andrew D. Bilinski: a taxpayer and water user residing at 1420 Castle Avenue, Cleveland, Ohio, filed its petition in the Common Pleas Court against W. P. Walsh, Commissioner of Water and Heat, Cleveland; E. H. Krueger, Director of Public Utilities Cleveland; Daniel E. Morgan, City Manager, Cleveland, as defendants for injunction against the defendants and their successors in office, jointly and severally, from furnishing free water to any party or for any purpose whatsoever, and requiring them to collect from the date to be determined by the court, the legal rate for the water thereafter furnished, and further requiring that all income received by the City of Cleveland from the sale of water be used exclusively for conducting, managing, repairing and enlarging and expending of a waterworks system, and the payment of the amounts entered to meet the interest and sinking fund charges on the outstanding bonds issued for the construction, maintenance and extension of the waterworks system of the City of Cleveland.

The record further shows that on July 15, 1937, Doloris K. Reidel filed a motion for leave to intervene and to file intervening petition in said action, together with intervening petition.

The motion for leave to intervene and to file intervening petition, omitting caption, signature and oath thereto, is in the words and figures following, to-wit:

"Now comes Doloris K. Riedel, hereinafter called the 'petitioner', on behalf of herself as a taxpayer and as a water user of the City of Cleveland and on behalf of all of the other taxpayers and water users of said City, and for the benefit of the City and its users of water. and respectfully moves this court for an order granting her leave to intervene in this action and to become a party thereto for the purpose of prosecuting the same to final judgment, on her own intervening petition, a copy of which is herewith tendered. The reasons therefor are as follows:

"On or about the 25th day of July, 1930, the then duly appointed. qualified and acting Director of Law of said

City, acting upon and pursuant to a written request of a taxpayer and water user thereof, filed the petition in this action for injunction and equitable relief; on or about the 30th day of May, 1931, the defendants filed their joint answer and on or about the 23rd day of July, 1931, the plaintiff, said City of Cleveland, filed its reply to said joint answer and, thereupon, the issues in said cause were then joined.

"Said action, since the joining of the issues, has never been pressed for trial and is, today, on the inactive list of the docket of this court, where it has remained since the joining of the issues and, in the meantime, the rates for water have been increased.

"Petitioner says that, in normal course, this cause could and should have been tried and decided several years ago and that the plaintiff, acting at the behest and on the demand of said taxpayer and water user, has not pressed the same for hearing in due order and usual course but, on the contrary, after this said cause was transferred to the Active List in February, 1937, for determination, it was held for an agreed statement of facts and thereafter again transferred to the Inactive List where it remains.

"This petitioner further avers that the Director of Law at the time of the institution of the action is now the Mayor of the City of Cleveland and the Assistant Director of Law of said City at said time is now the Director of Law and as such is also attorney for the Cleveland City School Board District, which has neither contracted for nor paid for the use of the large amount of water consumed by it since prior to the institution of this action.

"Petitioner further says that the condition of the trial docket of this court is such that, were the petitioner delegated to a new and independent demand, refusal and the institution of a new and independent action, the issues in said new cause would not be reached for trial for approximately two years from the date of the institution of said new suit with the result that, during the interim said munici-

pal water works would lose the value of the water supplied to the various departments and institutions enumerated in the original petition during said interval of time, in an amount aggregating a sum of money in excess of one million dollars ($1,000,000) in addition to a much larger loss already incurred by the delay and the failure to have this litigation determined being in an amount to approximately four hundred thousand dollars ($400,000.00).

"Petitioner herewith tenders the intervening petition which she proposes to file herein as intervenor if, when and as this motion is granted.

"Wherefore, petitioner prays for an order of this court authorizing, directing and empowering her to intervene herein and to file her intervening petition herewith tendered and to prosecute this litigation to a final conclusion."

Under date of September 3, 1937, the motion of Doloris K. Riedel for leave to intervene and to file intervening petition, was granted.

The record further shows that final judgment was entered in said cause in the Common Pleas Court on September 29, 1938, wherein the court found that the ordinances of the City of Cleveland, in force and effect do not empower or authorize the defendants to furnish water free to any department of the city nor to public or charitable institutions or others mentioned in the pleadings and stipulations of fact filed in the cause, and that by reason thereof plaintiff was entitled to the relief prayed for by it; and wherein it was ordered, adjudged and decreed that the defendants each of them be enjoined from furnishing water from waterworks plant of the City of Cleveland to any department of said city or to any public or charitable institution of any kind or character without obligation to pay therefor and without compliance with the ordinances of said city now governing the supply of water by its water department.

Under date of December 27, 1938, Doloris K. Riedel filed her application

for counsel fees. which, omitting caption. signature and oath thereto, is in the words and figures following, to-wit;

"Now comes Doloris K. Riedel, intervening taxpayer and water user in the above entitled cause, and respectfully makes this application for the payment of reasonable counsel fees for the services rendered by Klein & Diehm and in support thereof they aver:

"This suit was filed herein on July 28, 1930; and following many leaves another member of the City Law Department than those subscribing the petition filed an answer on May 23, 1931. For more than six years the case remained entirely dormant. In April, 1937, it was forced to conclusion upon call of the court and was marked 'Heard and submitted on agreed statement of facts', but a few days thereafter it was again continued by agreement. Thereupon, your applicant on behalf of said intervenor filed a motion to intervene on July 15, 1937, which was granted September 3, 1937. Your applicant filed said proposed intervening petition on July 15, 1937, setting forth the intervenor's claims. Your applicant arranged for hearing of the cause in September, 1937, but to accommodate the parties and counsel permitted it to be specially set for October 29th, 1937, and it was actually called and heard on November 3rd, 1937, before Hon. Lee E. Skeel. At said time brief was fully prepared and submitted by your applicant as counsel for the intervenor.

"The case was thereafter determined after final submission and argument in June, 1938, in which your applicant participated, and the decree rendered and entered sustaining the contentions of the plaintiff and intervenor is final.

"A detailed bill of the services rendered will be submitted.

"The application is based upon the intervention, and the fact that an action instituted is not an action prosecuted or consummated, as is required when the request of a taxpayer is granted. The plaintiff, the City of Cleveland, under the decree must not only not furnish free water hereafter but may recover for the free water and the water billed for and not collected heretofore not barred by the statute of limitations."

We will now proceed to consider the two contentions of the appellant hereinbefore mentioned.

1. Did authority to intervene exist?

All of the essential facts pleaded in the motion of Doloris K. Riedel for leave to intervene and to file intervening petition, and in her intervening petition, appear in the transcript of docket and journal entries and the original papers in the cause, so that the presumed finding upon which the order granting the intervention is based is sustained both by the presumptions hereinbefore mentioned, and the record. Furthermore, there is no bill of exceptions of the proceedings had in the trial court in the hearing and granting of said motion, and. in the absence of a bill of exceptions showing to the contrary it is presumed that the court, in granting said motion. had before it evidence of such of the facts pleaded in such motion as was essential to the granting thereof.

As shown by the record, no appeal was perfected from the order granting said motion, or from the final judgment in the case. If the order granting the motion was a final order it was subject to review only upon an appeal from the order, and if it was not a final order it was subject to review only upon an appeal from the final judgment in the cause and not from a final order made in a summary proceeding after judgment such as the one from which the instant appeal is taken. so that irrespective of whether the order granting said motion is a final order or an interlocutory order, it is not subject to review upon the appeal now before the court, and the order, for the purposes of this appeal, must be conclusively presumed to have been properly made.

Applying this presumption we will consider the second contention made by appellant.

2. Did the intervention of the intervening petitioner comply with the requirements of law so as to authorize the inclusion of her costs and expenses as part of the costs in the cause?

The order mentioned granted Deloris K. Riedel the right on behalf of herself as a taxpayer and as a water user of the city, and on behalf of all other taxpayers and water users of the city, and for the benefit of the city and its users of water, to prosecute the action to final judgment on her intervening petition.

The charter of the City of Cleveland contains provisions similar to the statutory provisions hereinafter mentioned, so whatever authority the court had in the premises to make the allowance of attorney fees to the intervening petitioner, in the order appealed from, is governed by §§4311, 4314 and 4316 GC, which read as follows:

"Sec. 4311. When Solicitor Shall Apply for Injunction. The solicitor shall apply in the name of the corporation to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing it, or which was procured by fraud or corruption."

"Sec. 4314. Suit by Taxpayer. In case the solicitor fails upon the written request of any taxpayer of the corporation to make any application provided for in the preceding three sections, such taxpayer may institute suit in his own name, on behalf of the corporation; and any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such corporation. No such suit or proceeding shall be entertained by any court until the taxpayer shall have given security for the costs of the proceeding."

"Sec. 4316. Duty of Court. If the court hearing such case is satisfied that the taxpayer had good cause to believe that his allegations were well founded or if they are sufficient in law, it shall make such order as the equity and justice of the case demand. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed as part of the costs a reasonable compensation for his attorney."

The provisions of these sections are remedial in character and ██ being remedial are to be liberally construed to accomplish the purpose for which they are designed. This purpose is the securing without unreasonable delay of a final adjudication of the ██ rights of a municipality in the subject-matter of any action brought pursuant to the provisions of §§4311 and 4314, and to reimburse a taxpayer in conformity with the provisions of §4316 for attorney fees incurred by such taxpayer where the taxpayer proceeds under the provisions of §4314.

To accomplish the purpose of the first two sections mentioned, it is essential not only that the ██ application for the order of injunction be made by the city solicitor or law director, as the case may be, but that it be prosecuted with reasonable diligence.

"A mere paper compliance by the director of law with the demand made by a taxpayer to file suit, is not sufficient compliance. The compliance contemplated by statute is a substantial compliance, so the court will have presented to it all of the issues of law and fact in order that a full complete adjudication may be had.

"In a proper case, the court may determine that a mere sham compliance by the director of law is not compliance with a demand of the taxpayer, in which event the court could not allow the application of the taxpayer to intervene" Concurring opinion of Judges Terrell and Levine, in case of

**506**

City of Lakewood v Reese, 51 Oh Ap page 490 at page 498.

The failure of a city solicitor or the director of law of a charter city who makes an application to a court of competent jurisdiction for an injunction at the written request of a taxpayer, under the provisions of the sections mentioned, to use reasonable diligence in prosecuting the same to a final adjudication constitutes a failure to comply with the written request of the taxpayer, within the meaning of said section, authorizing such taxpayer to prosecute such suit in his own name on behalf of the corporation.

In the case at bar, the allegations of the motions to intervene, which were presumably found to be true, and which the record reflects are true, show that the law director represented conflicting interests in said cause and had not used reasonable diligence in prosecuting said action, and had unreasonably delayed the presentment of said action for final adjudication, and that the condition of the trial docket of the court was such that if the petitioner was delegated to a new and independent demand, refusal and the institution of a new and independent action, the issues in said new cause would not be reached for trial for approximately two years from the date of the institution of said new suit with the result that, during the interim said municipal waterworks would lose the value of the water supply to various departments and institutions enumerated in the original petition during said interval of time, in an amount aggregating a sum of money in excess of one million dollars, in addition to a much larger loss incurred by the delay and failure to have this litigation determined, being in an amount approximately four hundred thousand dollars.

The last allegation mentioned constituted a legal excuse for the petitioner not filing a written demand mand with the law director, and the filing of the

motion to intervene, upon the grounds it was filed, constitute an adoption by the intervenor, Doloris K. Riedel, of the written demand of Andrew T. Bilinski upon the Law Director of the City of Cleveland to bring suit as her demand.

Under the provisions of §4314 GC, the court, upon the making of said presumed findings upon said motion to intervene, was authorized to hold, and in legal effect did hold, that the intervening petitioner had adopted the written demand of Andrew T. Bilinski as a taxpayer, as her demand as a taxpayer, and had thereby been subrogated to such rights as he had in the premises, and that the failure of the law director to use reasonable diligence in the prosecution of said action constituted a failure to comply with such demand, authorizing the court to grant her permission to prosecute the action to final adjudication in her capacity as a taxpayer, in the same manner as if she had originally made demand upon the law director to bring such action and such demand had been refused and she had then proceeded to bring such action.

This brings the prosecution of the action by her, within the provisions of §4316 GC, and the court properly made the allowance for attorney fees pursuant to the provisions of said section. The judgment of the Common Pleas Court will therefore be affirmed at costs of appellant.

DOYLE, PJ. and STEVENS, J., concur.