THE STATE, EX REL. CITY OF ELYRIA, APPELLANT, *v.* TRUBEY, CLERK, ET AL., APPELLEES.

(Nos. 3376 and 3389—Decided April 13, 1983.)

*George H. Ferguson,* city solicitor, for appellant.

*Gregory A. White,* prosecuting attorney, for appellee D. W. Trubey, Clerk.

*Harold A. West,* for appellee Roy West.

BAIRD, J. This is a second appeal, involving certain residual issues growing out of a protracted dispute between the city of Elyria and Lorain County regarding the allocation of funds derived from municipal court fines.

The original litigation was instituted by the solicitor on behalf of the city of Elyria, with appellee Roy West being named as a voluntary party defendant, by reason of the fact that he had requested as a taxpayer that such a suit be instituted. Appellee West participated in the suit throughout the lower court proceedings, which resulted in a denial by the trial court of a requested order that would have required the county to repay the city $71,604.24 that had previously been paid. Though the city elected not to appeal, appellee West, in his capacity as a taxpayer, did appeal, representing the interests of the city. That appeal resulted in a reversal of the lower court's order, and the city ultimately was reimbursed that sum of money by the county. The vehicle whereby this result was accomplished was the direction by this court to the trial court that it issue a writ of mandamus. Later, this court refused, without comment as to the reason therefor, to order that appellee West be awarded his attorney fees from the city.

Upon its remand to the trial court, the case was resolved by the filing of an agreed order, requiring the county to pay the city the sum of money in question, together with interest.

Thereafter, after the appeal time had expired, the county filed a Civ. R. 60(B) motion for relief from judgment, and appellee West renewed his efforts to be awarded attorney fees. After a hearing was conducted as to both matters, the trial court granted the Civ. R. 60(B) motion, so as to eliminate the interest requirement, and granted the application for attorney fees, in the amount of $10,080.78.

The city of Elyria perfected appeals from both of said orders, and those appeals have been previously ordered consolidated herein.

### Case No. 3389
### Assignment of Error 1

"The trial court erred in granting appellee-taxpayer's motion for award of attorney fees in that the issue had been previously litigated and said request denied, and the parties and their privies are barred from relitigating the same issues by the doctrines of *res judicata* and law of the case."

Appellant, the city of Elyria, raises two principal points in connection with this assignment of error: (1) that an award of attorney fees is improper on its merits in this type of case; and (2) that the award in this case was procedurally improper, by reason of the previous history of the litigation.

As to the first contention, the statutory basis relied upon for the award of attorney fees is found in R.C. 733.61 which provides as follows:

"If the court hearing a case under section 733.59 of the Revised Code is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney."

Since this provision refers to R.C. 733.59, and since that section applies only to cases instituted in the taxpayer's own name after the municipal attorney

has failed to comply with a written taxpayer request, it is argued that the statutory authorization for attorney fees is inapplicable here. We do not agree with that contention.

The provisions of these sections are remedial in character and should be liberally construed, so as to accomplish their purpose, which is:

"* * * the securing without unreasonable delay of a final adjudication of the rights of a municipality in the subject-matter of any action brought pursuant to the provisions of * * * [R.C. 733.56 and 733.59] and to reimburse a taxpayer * * * for attorney fees incurred by such taxpayer where the taxpayer proceeds under the provisions of * * * [R.C. 733.59]." *Cleveland* v. *Walsh* (1941), 67 Ohio App. 479, 489 [21 O.O. 446].

In that spirit, it has been held that the lack of diligence by the municipal attorney in prosecuting his case to a final adjudication constitutes a failure to comply with the original written request of the taxpayer, and authorizes the taxpayer to proceed in his own name, and to be awarded attorney fees. See *Cleveland* v. *Walsh, supra.*

The taxpayer in this case participated at all levels of the litigation, and was the sole participant advancing the interests of the city in the appellate proceedings which resulted in the city incurring a substantial monetary benefit. It has been clearly held that the non-participation of the taxpayer in a successful appeal does not preclude an award of attorney fees. *Billington* v. *Cotner* (1974), 37 Ohio St. 2d 17 [66 O.O.2d 9]. It is difficult to conceive why the reverse of that situation should be any less advantageous to the taxpayer; it would indeed seem that a successfully appealing taxpayer has a much stronger case for the payment of fees than does the taxpayer who has abandoned the case on appeal.

We hold that the failure of the municipality to appeal constitutes a failure to comply with the written request of the taxpayer, pursuant to R.C. 733.59, and that the appeal was a proceeding under that section, within the meaning of R.C. 733.61. Since judgment was finally ordered in his favor, the taxpayer may be awarded his attorney fees, in accordance with R.C. 733.61.

Appellant has also raised the contention that the award of attorney fees was procedurally improper by reason of the prior history of this litigation. Specifically, the claim is made that previous denials of attorney fees by both the trial court and this court act as a bar to a subsequent order, by reason of the principles of *res judicata,* collateral estoppel and/or law of the case.

In this regard the sequence of such rulings, in relation to the history of the case, is significant. First, it should be noted that the trial court's original ruling was prior to the successful appeal. There was at that time no judgment in favor of the city and/or the taxpayer, and no award at that time would have been proper under the provisions of R.C. 733.61. Further, it is to be noted that the attorney fees which were ultimately ordered by the court were for the appeal only. All the evidence produced at the hearing was solely related to fees for the appeal.

Thus, the matter before the trial court originally was the propriety of an award to a taxpayer participant for his attorney's efforts in losing a trial, while the later consideration involved the propriety of an award to that taxpayer for his attorney fees in successfully prosecuting an appeal. Those are two issues which are totally separate and distinct.

"This court has consistently held that for a judgment or decree to be *res judicata,* or to operate as estoppel, there must be an identity of issues and an identity of parties or persons in privity with the parties. * * *" *Whitehead* v.

*Gen. Tel. Co.* (1969), 20 Ohio St. 2d 108, 114 [49 O.O.2d 435].

In this case, the issues were different; and the prior consideration of the matter by the trial court did not preclude its later entertainment of a similar, but not identical, question.

The next contention is that the previous overruling by this court of a motion for attorney fees precludes its later consideration by the trial court. This ruling did occur after the appeal was successfully resolved in favor of the city and/or the taxpayer. It was made, however, after the case had been remanded to the trial court, in response to a motion that was also filed after such remand. At that point, there was no case pending here within which this court could act. Further, the clear language of R.C. 733.61 contemplates that the "court hearing [the] case" make the determination as to costs, including attorney fees. At that point, the court hearing the case was the trial court.

The ruling of this court on the motion was, then, nothing more than an acknowledgment that the matter of attorney fees is a question that could and should be ruled upon by the trial court. At that point this court did not and could not issue any ruling that would be binding on the parties on the merits of any question.

The issue that was before this court at that time was the procedural question as to which court could properly entertain and rule upon the attorney-fee application. The issue that was later before the trial court involved the merits of whether the taxpayer should be awarded fees under these circumstances. These are two separate and distinct questions, precluding the application of the doctrines of *res judicata,* collateral estoppel or law of the case. *Whitehead* v. *Gen. Tel. Co., supra,* and 5 Ohio Jurisprudence 3d (1978) 314, Appellate Review, Section 652.

The circumstances being proper for the award of attorney fees, and no issue having been raised as to the amount thereof, the assignment of error must be overruled.

### Case No. 3376
### Assignments of Error

"2. The trial court erred in granting defendant-appellee's motion for relief from judgment pursuant to Rule 60(B)(1) of the Ohio Rules of Civil Procedure because said finding and order is contrary to law and not supported by evidence.

"3. The trial court erred in granting defendant-appellee's motion for relief from judgment pursuant to Rule 60(B)(1) of the Ohio Rules of Civil Procedure because defendant-appellee's proper remedy was appeal and * * * Civil Rule 60(B) may not be used as a substitute for a timely appeal."

The city's next contention is that the trial court improperly sustained the motion for relief from judgment, because it was not properly supported, and because such motion cannot be used .as a substitute for appeal.

To prevail on a Civ. R. 60(B) motion, the movant must demonstrate that he has a meritorious defense or claim to present, that he is entitled to relief under one of the grounds stated in subsections (1) through (5) of Civ. R. 60(B), and that the motion is timely made. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus.

The motion in this case included no materials other than its allegations and those of the accompanying brief, and no evidence was introduced at the hearing, either by testimony or stipulation. The question arises, then, as to whether the trial court had before it sufficient material to support the sustaining of the motion.

"The allegation of operative facts required in order to prevail upon a mo-

tion for relief from judgment pursuant to Civ. R. 60(B) must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ. R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216 [13 O.O.3d 234], syllabus.

There being nothing before the trial court of such required evidentiary quality, the motion was not properly supported and should not have been granted.

Further, it is noted that the movant in this case waited until several months after the judgment had become final before launching an attack thereon. We have read the motion, the accompanying materials, the statements that were made at the hearing, as well as the trial court's disposition of the matter. It is evident that the thrust of the entire proceedings was that a mistake had been made as to the law, and that interest should not have been included in the original award. There is no suggestion that the facts were misrepresented to the trial court at the time of the original order, or that anything other than the passage of time, permitting additional research and reflection, had occurred.

Under these circumstances, the position taken by the movant constitutes a challenge to the correctness of the trial court's original decision on the merits. Such challenge could have been raised on appeal, and Civ. R. 60(B) relief is not available as a substitute for such an appeal. *Blasco* v. *Mislik* (1982), 69 Ohio St. 2d 684, 686 [23 O.O.3d 551].

For these reasons, the Civ. R. 60(B) motion should not have been granted.

### Summary

Assignment of error number one is overruled and the judgment of the trial court, dated July 12, 1982, is affirmed. Assignments of error two and three are sustained, and the judgment of the trial court, dated May 28, 1982, is reversed and vacated.

*Judgment affirmed*
*in case No. 3389.*
*Judgment reversed in*
*case No. 3376.*

MAHONEY, P.J., and QUILLIN, J., concur.