Appellant GMS Management Co., Inc. ("GMS"), appeals a judgment granting appellees Charles and Lizabeth Christe supplemental attorneys' fees. This Court affirms.
 I.
The Christes originally brought this action against GMS seeking the refund of a security deposit. The trial court eventually granted the Christes summary judgment and awarded them damages and attorneys' fees pursuant to R.C. 5321.16. GMS filed a direct appeal from the award of summary judgment and this Court affirmed in Christe v. GMS Management Co., Inc.
(Oct. 22, 1997), Summit App. No. 18267, unreported.
Following the direct appeal, the Christes filed a Civ.R. 60(B) motion in the trial court seeking supplemental attorneys' fees for defending the judgment on appeal. The trial court granted the motion and awarded the Christes an additional $750 in attorneys' fees as "damages." GMS appeals, raising one assignment of error with three sub-parts:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AWARDING SUPPLEMENTAL ATTORNEY FEES FOR SERVICES RENDERED IN SUCCESSFULLY DEFENDING A CHAPTER R.C. 5321 JUDGMENT ON APPEAL BECAUSE:
 A. ATTORNEY FEES IN CHAPTER R.C. 5321 CASES ARE "COSTS," NOT "DAMAGES."
 B. THE COURT OF APPEALS (C.A. 18267), HAVING EXCLUSIVE JURISDICTION OVER APPELLATE ATTORNEY FEE AWARDS, DID NOT AWARD SUCH FEES AS COSTS, SPECIFICALLY HOLDING THAT THERE WERE REASONABLE GROUNDS FOR THE APPEAL.
 C. RES JUDICATA BARS CONSIDERATION OF ANY ISSUE WHICH WAS OR COULD HAVE BEEN LITIGATED PRIOR TO THE ENTRY OF A FINAL JUDGMENT.
Sub-parts A and B are related and will be addressed together. Sub-part C will be addressed separately.
 II.
In sub-parts A and B, GMS contends that attorneys' fees under R.C. Chapter 5321 are "costs," not "damages." As such, GMS argues, attorneys' fees could only have been awarded by this Court at the time of the direct appeal. However, this Court has previously held that attorneys' fees awarded pursuant to R.C. Chapter 5321 are damages. Chaney v. Davis (Sept. 18, 1996), Summit App. No. 17593, unreported; Cameron v. Chateau Invest.Co. (Nov. 25, 1992), Summit App. No. 15634, unreported. Therefore, sub-parts A and B are overruled.
 III.
In sub-part C, GMS contends that regardless of whether the attorneys' fees are characterized as damages or costs, resjudicata bars the Christes from relitigating the issue in a subsequent action.
"The doctrine of res judicata * * * is that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have beenlitigated in a first lawsuit." (Emphasis added.) Rogers v.Whitehall (1986), 25 Ohio St.3d 67, 69. The only issue herein is whether the Christes were entitled to an additional award of damages to cover the attorneys' fees that were incurred in defending the prior judgment on appeal — an issue that could not have been litigated prior to a final resolution of the appeal. See State ex rel. Elyria v. Trubey (1983), 24 Ohio App.3d 44,46-47. Therefore, sub-part C is also overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Barberton Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- WILLIAM R. BAIRD FOR THE COURT
DICKINSON, J., CONCURS