OPINION
{¶ 1} Ray and Phyllix Stovall ("appellants") appeal the January 31, 2002 decision of the Portage County Common Pleas Court. In that decision, the trial court denied appellants' Civ.R. 60(B) motion to vacate, finding that appellants lacked a meritorious defense. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} In the pursuit of accuracy, a thorough review of the procedural history in this matter is necessary. It is well documented that in June of 1999, appellants, citizens of the City of Streetsboro ("appellee"), attempted to erect a retention wall to help curb the damaging effects of soil erosion in their backyard. Subsequently, appellee filed a motion for injunctive relief on June 24, 1999, claiming appellants needed a permit to construct such a wall. Following an exchange of summary judgment motions, the trial court ruled in favor of appellee on July 28, 2000. Appellants then appealed that decision to this court. See Streetsboro v. Encore Homes, 11th Dist. No. 2000-P-0089,2001-Ohio-4318, 2001 Ohio App. LEXIS 4281.
 {¶ 3} During the process of appellants' initial appeal, but prior to this court's actual consideration of the case, it came to the attention of this court that appellants' trial counsel was unlicensed to practice law in the State of Ohio. Faced with this unusual dilemma, we proceeded to give appellants a choice. Per our judgment entry dated August 22, 2001, appellants were given twenty days to notify this court whether "they wish to have the opportunity to consult and hire a new attorney to represent them ***, or whether they wish for this Court to consider their present brief as a pro se brief so that the instant appeal could go forward for final determination." In that judgment entry, this court also stated that if no response was received within twenty days, "the present brief before this court will be considered a pro se document and the appeal shall go forward." Having the choice, appellants chose to submit the existing brief as a pro se brief. This court, in a de novo review on the merits, subsequently affirmed the trial court's decision to grant summary judgment in favor of appellee on September 21, 2001.
 {¶ 4} On November 8, 2001, appellants filed a motion to vacate the trial court's July 28, 2000 decision granting summary judgment in favor of appellee. In their motion, appellants claimed that due to the fraud perpetrated upon the trial court by their unlicensed counsel, they were entitled to have the judgment vacated pursuant to Civ.R. 60(B). The trial court denied appellants' motion on January 31, 2002. This timely appeal followed. Appellants assert one assignment of error for our review:
 {¶ 5} "[1.] The trial court abused its discretion and erred as a matter of law by denying the Stovall's motion for relief from judgment and ruling that the Stovall's new evidence did not present a meritorious claim since the Stovall's were not required to prove a meritorious claim but that they would have one, if given the opportunity to present it."
 {¶ 6} A trial court's decision to deny a Civ.R. 60(B) motion will not be overturned absent an abuse of discretion. State ex rel. Russo v.Deters, 80 Ohio St.3d 152, 1997-Ohio-351. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Hopkinsv. Quality Chevrolet Inc. (1992), 79 Ohio App.3d 578, 581. In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v ARC Industries, Inc. (1976), 47 Ohio St.2d 146.
 {¶ 7} Appellants filed their Civ.R. 60(B) motion more than one year after the July 28, 2000 judgment; therefore, the only possibilities available to appellants in this case under Civ.R. 60(B) are (B)(4) or (B)(5). As Civ.R. 60(B)(4) deals primarily with the satisfaction of judgments, appellants are left with Civ.R. 60(B)(5), which allows relief for "any other reason justifying relief from judgment." In this case, appellants attempt to argue that the performance of their unlicensed trial counsel constituted fraud upon the trial court and prevented appellants "from having their day in court." We disagree with appellants.
 {¶ 8} Although the situation involving appellants' original trial counsel is unfortunate, a Civ.R. 60(B) motion should not be used as a substitute for appeal. State ex rel. Richard v. Cuyahoga Cty. Commrs.
(2000), 89 Ohio St.3d 205, 207. In this case, appellants are attempting to get another opportunity to argue the same facts and issues already brought before both the trial court and this court.
 {¶ 9} In the instant case, the trial court noted in its judgment entry that after reviewing the "motions pleadings, affidavits, and exhibits," appellants "offer nothing new in the way of a meritorious defense to this judgment." "All the material facts alleged now by the Stovalls were alleged in the previous proceedings in this Court and to the Court of Appeals. None of these facts present a meritorious defense to the claim sought to be vacated." We agree with the trial court. The record indicates that in their motion to vacate, appellants included the same information from the EPA as they did in their initial summary judgment motion. Further, the affidavits from Phyllix Stovall and Jerry Colbourne contained in appellants' motion to vacate simply restate the facts as contained in appellants' summary judgment motion from the original action, thus failing to provide any new evidence. While appellants have shown a repetitious claim or defense in the instant case, they have failed to show the possibility of a meritorious claim or defense as required by Civ.R. 60(B).
 {¶ 10} In the initial summary judgment proceedings, appellants raised the issues of discrimination and misrepresentation, and ignored appellee's argument regarding Section 1333.04 of the Codified Ordinances of Streetsboro ("C.O.S."). In its motion for summary judgment, appellee argued that appellants' retention wall did not fall under the exception contained in C.O.S. 1333.04. After reviewing the current Civ.R. 60(B) motion to vacate, we conclude appellants raise the same issues and arguments regarding discrimination and misrepresentation, but also attempt to revive their interest in C.O.S. 1333.04. As these issues had already been raised and ruled upon, the trial court, taking into account the impact of appellants' unlicensed counsel, properly found that appellants could not provide a meritorious defense to the existing claim. Indeed, a movant may not use the arguments lost in the underlying judgment to justify relief from that judgment. Elyria Twp. Bd. ofTrustees v. Kerstetter (1993), 91 Ohio App.3d 599, 603; State ex rel.Elyria v. Trubey (1983), 24 Ohio App.3d 44. We also note that appellants' claims in the instant case are barred by res judicata as these issues were litigated and ruled upon at both the trial court and appellate court levels. Fort Frye Teachers Assn. v. State Emp. Relations Bd. (1998),81 Ohio St.3d 392, 396.
 {¶ 11} While the issues raised by appellants' original trial counsel may not have been presented at the same level of competence as appellants' present counsel, the fact remains that the same issues and underlying facts were raised and ruled upon by both this court and the court below. Additionally, this court also gave appellants the chance to obtain new counsel before proceeding with their first appeal. Appellants chose to proceed pro se in that appeal and lost. Appellants do not get a second chance. Although appellants may have an alternative forum available to address their concerns, a Civ.R. 60(B) motion to vacate is not the proper remedy for appellants in this case. Based on the record before us, we hold that the trial court did not abuse its discretion in denying appellants' Civ.R. 60(B) motion.
 {¶ 12} Appellants' sole assignment of error is without merit. For the foregoing reasons, the decision of the Portage County Common Pleas Court is hereby affirmed.
CYNTHIA WESTCOTT RICE, J., concurs.
JUDITH A. CHRISTLEY, J., concurs in judgment only.