**STATE ON RELATION OF VLACH, Relator, v. JOHNSON, AUDITOR OF CITY OF EASTLAKE, Respondent.**

Ohio Appeals, Seventh District, Lake County.

No. 534. Decided June 12, 1954.

Louis A. Turi, Jr., Wickliffe, for relator.

J. Melvin Andrews, Solicitor of the City of Eastlake, Eastlake, for respondent.

## OPINION

PER CURIAM.

The important question presented by the motion of the relator is as to the right of this court to allow attorneys fees to be taxed as costs in this action.

The original action in this court is in mandamus to compel the clerk to certify the referendum petitions to the county Board of Elections, she having refused to do so.

The referendum was as to an ordinance amending the zoning ordinance and altering the distance from the lot lines that houses could be built. This court issued the writ. The petitions were submitted to the Board of Elections, vote was had, and the amendment defeated.

Now the relator seeks to have his attorney fees allowed and taxed as a part of the court costs to be assessed against the City and relies upon §733.61 R. C., which reads as follows:

"If the court hearing a case under §733.59 R. C. is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney."

Sec. 733.59 R. C., provides as follows:

"If the city solicitor fails, upon the written request of any taxpayer of such city, to make any application provided for in §§733.56 to 733.58 R. C., inclusive, such taxpayer may institute suit in his own name. on behalf of the city. Any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

Sec. 733.58 R. C., provides as follows:

"In case an officer or board of a city fails to perform any duty expressly enjoined by law or ordinance, the city solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty."

We hold that this is a proper taxpayer's suit coming within the scope of §733.61 R. C., wherein the taxpayer shall be allowed his costs and since judgment is finally ordered in his favor he may be allowed as part of the costs a reasonable compensation for his attorney.

A case similar to the one before us is that of **State, ex Keville v. Faurot et., City Commission of Lima,** decided January 14, 1933, **44 Oh Ap 461.** In its opinion the court stated on page 469:

"Sec. 4316 GC, requires that in a case like this the taxpayer shall be allowed his costs when the court is satisfied that he had good cause to believe his allegations were well-founded; nothing appeared at any place in this case to suggest that the taxpayer did not bring this suit in good faith and it must be presumed that he did so act. Hence the costs are adjudged against respondents, but the judgment not being

in favor of the taxpayer no compensation for his attorneys is allowed."

In the case before us judgment was rendered in favor of the taxpayer and hence the statute specifically provides that an attorney fee may be allowed to the attorney in this case.

The motion of relator for allowance of a reasonable compensation for his attorney is sustained, and this court finds that $300.00 is a reasonable compensation and it is so ordered.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.