HOWARD ET, PLAINTIFF-APPELLEES, *v.* CLEVELAND (CITY), A MUNICIPAL CORPORATION ET, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26980. Decided July 17, 1964.

Messrs. *Van Aken, Whiting, Arnold, Bond & Withers, Du-Laurence & DuLaurence*, for plaintiff-appellees.

Mr. *Bronis J. Klementowicz*, director of law, Mr. *Daniel J. O'Laughlin*, chief counsel, and Mr. *George J. Dinda*, assistant director of law, for defendant-appellants.

KOVACHY, P. J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County.

Preston Howard and Lucille Howard brought an action as taxpayers of the City of Cleveland in the Court of Common Pleas to restrain the City, its Finance Director, and the Auditor of Cuyahoga County from enforcing a penalty provision of Ordinance 2428-58, Section 13.0722 of the Codified Ordinances of the

City of Cleveland on the grounds that such ordinance was illegal and unconstitutional. The ordinance attempted to impose a fifteen per cent monetary penalty to be added to the cost of making sidewalk repairs by the City and to assess the same against property owners in cases where the property owners failed to repair their sidewalks after receiving due notice from the City in accordance with the provisions of the Charter of the City of Cleveland.

The Court of Common Pleas ruled that the assessment of a fifteen per cent penalty was invalid and illegal and permanently enjoined its levy and assessment against property owners. The ruling was not appealed by the City of Cleveland and, accordingly, the judgment in favor of the taxpayers became final.

Subsequent thereto and in the same case, the plaintiffs filed an application for attorney fees which the trial court allowed in the sum of $3,880.00 and ordered the same to be taxed as additional costs to be paid by the City.

The appeal here is from the judgment entered on this order of the trial court allowing attorney fees and taxing the same as court costs.

The defendant-appellant, the City of Cleveland, makes no contest in this court with respect to the reasonableness of the amount of the attorney fees allowed by the trial court. Its sole assignment of error is that:

"The trial court abused its discretion in awarding attorney fees and taxing the same as court costs in a taxpayer's action against a municipal corporation where no fund was created as a result of the taxpayer's successful prosecution of his action."

The principal action in the lawsuit was brought by the plaintiff-appellees by virtue of and under Sections 733.56 to 733.61, inclusive, Revised Code, and Sections 87 to 92, inclusive of the Charter of the City of Cleveland. The language employed in the Charter and the Revised Code is similar. The Statutes read as follows:

"Section 733.56, Revised Code. Application for injunction.

"The solicitor shall apply, in the name of the municipal corporation, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the municipal corporation, the abuse of its corporate powers, or the execution or performance of any contract made in behalf

of the municipal corporation in contravention of the laws or ordinance governing it, or which was procured by fraud or corruption.

"Section 733.57, Revised Code. Specific Performance.

"When an obligation or contract made on behalf of a municipal corporation, granting a right or easement or creating a public duty, is being evaded or violated, the solicitor shall apply for the forfeiture or the specific performance thereof as the nature of the case requires.

"Section 733.58, Revised Code. Mandamus.

"In case an officer or board of a municipal corporation fails to perform any duty expressly enjoined by law or ordinance, the solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty.

"Section 733.59, Revised Code. Suit by Taxpayer.

"If the solicitor fails, upon the written request of any taxpayer of such municipal corporation, to make any application provided for in Sections 733.56 to 733.58, inclusive, Revised Code, such taxpayer may institute suit in his own name, on behalf of the municipal corporation. Any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding.

"Section 733.60, Revised Code. Limitation of Action.

"No action to enjoin the performance of a contract entered into or the payment of any bonds issued by a municipal corporation shall be brought or maintained unless commenced within one year from the date of such contract or bonds.

"Section 733.61, Revised Code. Duty of Court.

"If the court hearing a case under Section 733.59, Revised Code, is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney."

It is manifest to us from a study of Section 733.61, Revised

Code, that the Legislature, in actions based on Sections 733.56, 733.57 or 733.58, Revised Code, intended the allowance of attorney fees by a trial court to be permissive only and, as a consequence, a matter resting entirely within the sound discretion of the court. The language used imposes no restrictions or limitations upon a trial court in the exercise of this function. It necessarily follows, therefore, that the guidelines to be used by the court in determining whether or not the attorney fees should be allowed depends upon the particular facts and the surrounding circumstances of the case before it. In the instant case, the City was attempting to impose a monetary penalty upon certain property owners which the court determined was illegal. Appellees by their action not only prevented such illegal imposition upon themselves but upon many other taxpayers similarly situated as well. The Statutes were enacted to thwart a municipal corporation from exercising such abuse of its corporate powers.

The plaintiffs instituted their action only after the Director of Law (Solicitor) refused to take action requested by them so that it can be said the taxpayers were acting for the Director of Law to forestall the enforcement of an illegal ordinance passed by the Council of the City. Appellant cites two cases as support for its position in this matter:

*State, ex rel. Scott,* v. *Masterson,* 173 Ohio St., 402, 183 N. E. (2d), 376; *Grandle* v. *Rhodes, Aud.,* 169 Ohio St., 77, 157 N. E. (2d), 336.

The only reference to attorney fees in the case of *State, ex rel. Scott,* v. *Masterson, supra,* is found at the bottom of page 406 which reads:

"Relators pray that attorney fees be awarded to them for the prosecution of this action. Under the provisions of Section 733.61, Revised Code, the court may, when the relator is successful in his action, award attorney fees. This section is permissive and not mandatory, and, inasmuch as no fund has been created out of which attorney fees may be allowed, the prayer for attorney fees is denied. *Grandle* v. *Rhodes, Aud.,* 169 Ohio St., 77."

It is clear from such language, which, however, is mere obiter dictum, that the Supreme Court was not inclined to allow attorney fees under the unusual facts and circumstances of that

case. Nothing monetary whatever was involved in the case, and the action was one against thirty-three councilmen in a mandamus action to compel them to redivide the thirty-three wards of the City of Cleveland. It must have been obvious to the Supreme Court that the inaction of Council was the result of political manuevering, prompted by political considerations and that many of the defendants were innocent victims caught in a web of power politics. The disallowance of attorney fees under such circumstances cannot be considered authority for the proposition that the creation of a fund is sine qua non to the allowance of attorney fees under Section 733.61, Revised Code.

In *Grandle* v. *Rhodes, Aud., supra*, a claim for allowance of attorney fees was predicated on Section 5a, Article XII of the Constitution of Ohio (page 78 of opinion) and not on a statute as was done here. For that reason alone, it cannot be authority for the contention made by appellant. In that case the taxpayer succeeded in preventing an expenditure of $64,500.00 by the Director of Highways of the State on the ground that the expenditure was not authorized by law. Moreover, the law did not permit the payment of attorney fees from the fund created nor could payment come from the state treasury in view of Section 22 of Article II of the Constitution providing that no payment can be made out of the state treasury unless the same has been specifically appropriated by the General Assembly.

It seems to us that if the appellant's claim that the allowance of attorney fees under Section 733.61, Revised Code, depends upon the creation of a fund in a taxpayer's suit, the provision with respect to attorney fees would be wholly unnecessary since under equitable principles of law a court of equity can award attorney fees to a lawyer responsible for the creation of a fund. This was the situation in *Council of Village of Bedford* v. *State, ex rel. Thompson, Hine & Flory*, 123 Ohio St., 413, 175 N. E., 607, where the Supreme Court in its syllabus stated the law as follows:

"Where a taxpayer, on behalf of himself and other taxpayers of a village, has successfully prosecuted an action to recover money unlawfully paid by such village, and such money has been restored to the village, such action, while for money only, possesses certain equitable characteristics, and the trial court, out of the fund so created, in the exercise of equitable

powers, may allow a reasonable fee to the attorneys of the taxpayer, payable out of the fund so created. * * *"

See *Cohen* v. *Goldberger,* 109 Ohio St., 22, 141 N. E., 656; *State, ex rel. Yontz,* v. *West,* 135 Ohio St., 589, 21 N. E. (2d), 987.

Moreover, there is established law in Ohio that a trial court has the authority to allow attorney fees under Section 733.61, Revised Code, whether or not a fund is created in a taxpayer's suit brought under the statutes mentioned above.

In the case of *State on Relation of Vlach,* v. *Johnson,* 71 Ohio Law Abs., 80, 129 N. E. (2d), 519, the headnote reads as follows:

"An action in mandamus by a taxpayer, under Section 733.59, Revised Code, to compel the clerk to certify referendum petitions relative to an ordinance amending a zoning ordinance to the Board of Elections, she having refused to do so, is a proper taxpayer's suit coming within the scope of Section 733.61, Revised Code, wherein the taxpayer, if the court is satisfied that he had good cause to believe that his allegations were well founded, or if they are sufficient in law, shall be allowed his costs and if judgment is finally ordered in his favor he may be allowed, as part of such costs, a reasonable compensation for his attorney."

In *Brundige* v. *The Village of Ashley,* 62 Ohio St., 526, 57 N. E., 226, the Supreme Court in a case where no fund was created, disallowed attorney fees on the grounds that the village had no solicitor, saying at page 528:

"If there is a solicitor and no such request is made upon him, there can be no compensation for the attorney included in the costs allowed to plaintiff, and if there is no solicitor the same result must follow, because it is the request and refusal that warrants the allowance of such fees."

We conclude and, therefore, hold that where a taxpayer brings an action under and by virtue of the authority granted him in Section 733.59, Revised Code, bases such action on Sections 733.56, 733.57, or 733.58, Revised Code, and the solicitor of a Municipal Corporation, upon request of the taxpayer, refuses to bring the action, the trial court, under authority of Section 733.61, Revised Code, has the discretion to allow reasonable compensation for the taxpayer's attorney to be taxed as

costs, provided a judgment is finally ordered in the taxpayer's favor and irrespective of whether a fund is created; and, where such compensation has been allowed, a reviewing court will not disturb the same unless a clear abuse of discretion is shown by the record before it.

Under the facts and circumstances of this case no such showing has been made to appear, and the judgment, accordingly, is affirmed.

Judgment affirmed. Exceptions noted.

ARTL and CORRIGAN, JJ., concur.