Brauer, Appellee, *v.* City of Cleveland et al., Appellants.

[Cite as Brauer v. City of Cleveland, 7 Ohio St. 2d 94.]

(No. 39933—Decided July 6, 1966.)

*Mr. Henry DuLaurence, Messrs. Van Aken, Whiting, Arnold, Bond & Withers, Mr. William Van Aken, Mrs. Esther Rice Battenfeld, Mr. Joseph L. Abrams* and *Mr. Paul H. Oppmann,* for appellee.

*Mr. Bronis J. Klementowicz,* director of law, *Mr. Daniel J. O'Loughlin, Mr. Richard J. Marco* and *Mr. James P. Mancino,* for appellants.

*Per Curiam.* Although taxpayers' suits are recognized in equity, there is no authority for the allowance of attorney fees as costs in such cases unless a fund is created or preserved. 5 A. L. R. 2d 874, 877.

Section 733.61, Revised Code, specifically authorizes that fees be allowed plaintiff's counsel and taxed as costs if judgment is finally ordered in plaintiff's favor in an action brought for an injunction when the city has refused to file the action after being requested to do so (Section 733.59, Revised Code). That statute does not require that a fund be either created or preserved as a prerequisite to an allowance of fees.

If an action might have been filed by the city solicitor his refusal to do so clearly gives a derivative action to a taxpayer. It is reasonably arguable that Section 733.61, Revised Code, may permit the fee of plaintiff's counsel to be allowed and taxed as costs without regard to a fund.

The threatened acts constitute an abuse of corporate power, and the Director of Law was given authority to file such an action by Section 733.56, Revised Code.

There is no denial that the plaintiff made the request required by the statute, and that action by the Director of Law was refused.

This court's holding in *State, ex rel. Scott,* v. *Masterson,*

173 Ohio St. 402, does not lay down the rule that counsel fees cannot be allowed to a taxpayer unless a fund has been created or preserved. It does, however, indicate that the fact that a fund is not created or preserved is one of the things to be considered by a court in exercising its discretion in the matter of the allowance of such fees.

In the instant case, we find other circumstances present which were apparently not considered by the court at the time of the hearing in this matter and which should always be considered when the discretionary matter of the allowance of fees is reached. We observe that the rights protected were private rights as opposed to public rights. The action filed was primarily for the benefit of the plaintiff's own interests. No public money or property is involved. The sole purpose of the action was to prevent the municipality from requiring payment of fees by a limited class of property owners, of which plaintiff is a member.

The statute which allows fees directs the court to make such order as the equity of the case demands. It would be inequitable to pay the plaintiff's counsel with public funds in a case in which the public obtains no benefit.

The remedies readily available to the plaintiff in her individual rather than her representative capacity in this case were entirely adequate to protect her interests.

In view of the foregoing, the order allowing plaintiff an attorney fee and taxing it as costs constitutes an abuse of discretion.

The judgment is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.