BILLINGTON, APPELLEE, *v.* COTNER ET AL., APPELLANTS.

[Cite as Billington v. Cotner (1974), 37 Ohio St. 2d 17.]

(No. 73-180—Decided January 2, 1974.)

18

*Mr. Fred J. Ball,* for appellee.
*Mr. Herbert J. Whiting,* director of law, and *Mr. Robert McCarthy,* for appellants.

HERBERT, J. Under R. C. 733.59 and 733.61, if a taxpayer brings suit to enjoin the misapplication of municipal funds, after the city solicitor has refused to bring the action upon being requested to do so, attorney fees may be allowed to the taxpayer and taxed as costs, provided judgment is finally ordered in his favor. The allowance of fees is permissive and is a matter which lies entirely within the sound discretion of the trial judge. See *State, ex rel. Scott,* v. *Masterson* (1962), 173 Ohio St. 402, 406, 183 N. E. 2d 376; *Howard* v. *Cleveland* (1964), 95 Ohio Law Abs. 304, 200 N. E. 2d 349.

Considerations involving the allowance of attorney fees in taxpayers' actions were set forth in *State, ex rel. White,* v. *Cleveland* (1973), 34 Ohio St. 2d 37, 295 N. E. 2d 665. In paragraph three of the syllabus in that case, the court held:

"Where the statutory requirements necessary to maintain a taxpayer's action, pursuant to R. C. 733.59, are met or waived, and the action has been brought on behalf of the public and resulted in a public benefit, the equity of the case demands that the trial court exercise its discretion in considering the allowance of attorney fees to the successful taxpayers."

Appellants assert that since appellee failed to create or preserve a fund in his action, attorney fees should be denied because a benefit has not been bestowed upon the public by virtue of the efforts of the taxpayer. This court has held that it is an abuse of discretion for the trial court to allow attorney fees in a taxpayer's action in the absence of a resultant public benefit. *Brauer* v. *Cleveland* (1966), 7 Ohio St. 2d 94, 218 N. E. 2d 599. However, *Brauer* does not require that the benefit bestowed upon the public always be monetary in character. That benefit may be of a more intangible character, such as the prevention of illegal government activity. The creation or preservation of a fund is simply "one of the things to be considered by a court in exercising its discretion in the matter of the allowance of such fees." *Id.,* at 96.

Appellants also contend that appellee may not be allowed fees because he neither prosecuted nor attempted to join in the appeal which resulted in the eventual reversal of the adverse trial court decision. We disagree. In order for a taxpayer's request for fees to be considered, he need only institute an action in accordance with R. C. 733.59, which results in a judgment being "finally ordered in his favor." The taxpayer is not required to prosecute or endeavor to participate in an appeal that ultimately results in a judgment favorable to him. Such an ingraftment upon the clear wording of the statute would represent an unwar-

ranted impingement of the salutary effects of taxpayer actions.

However, inaction by a taxpayer following an adverse trial court judgment may be considered by the trial judge in the exercise of his discretion concerning an allowance of attorney fees, and may justify the denial of an application for such fees under the facts of a particular case.

In its third conclusion of law, the instant trial court stated:

"It is within the sound discretion of the court to allow or disallow attorney fees in this matter. Therefore, it is the opinion of this court that the application for attorney fees should be denied * * *."

That conclusion sufficiently evidences the trial judge's awareness of his power to exercise his discretion in considering appellee's application for attorney fees, and his actual exercise of that discretion. Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.