HESS et al., Appellants,

v.

CITY OF TOLEDO et al., Appellees.

[Cite as *Hess v. Toledo* (1999), 133 Ohio App.3d 729.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–98–1224.

Decided June 11, 1999.

R. *Michael Frank* and *H. Buswell Roberts*, for appellants.

*Gary R. Taylor*, for appellees.

---

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellants' request for attorney fees in a taxpayer action.

On appeal, appellants, Rebecca J. Hess, Marie Sienkowski, and Margaret Daly–Masternak, set forth the following three assignments of error:

"1. The trial court erred in determining as a matter of law that plaintiffs–appellants failed to satisfy the requirements for an award of attorney fees pursuant to § 118 of the Charter of the City of Toledo.

"2. The trial court erred in determining as a matter of law that the action brought by the plaintiffs–appellants did not result in a public benefit.

"3. The trial court erred in failing to consider an award of attorney fees to plaintiffs–appellants under O.R.C. § 2721.09."

The undisputed facts that are relevant to the issues raised on appeal are as follows. On October 8, 1997, an agent for appellee The Home Depot ("Home Depot") filed a petition with the city of Toledo Division of Building Inspection in which it asked the city to rezone property at 3145 and 3221 Middlesex Drive, Toledo ("the property"), from R–4, multifamily residential use, to C–3, commercial use, so that a Home Depot store could be built on the property. At the time

the application was filed, the property was part of an apartment complex known as the Hampshire Heights Apartments ("Hampshire Heights").

On December 9, 1997, Toledo City Council enacted Ordinance 708–97, which rezoned the property from R–4 to C–3. On February 11, 1998, appellants filed the complaint herein against appellees, the city of Toledo, the Toledo City Planning Commission, and Home Depot. On February 25, 1998, an amended complaint was filed in which appellants asked for declaratory and injunctive relief pursuant to R.C. 2721.03 and 2721.09. Specifically, appellants asked the trial court to declare that Ordinance 708–97 was not validly enacted and to grant a preliminary injunction preventing the rezoning of the property. Included in the complaint was a request for an award of attorney fees and court costs.[1]

On March 2, 1998, appellants filed a motion for a temporary restraining order ("TRO"), in which they asked the trial court to restrain the city from demolishing any portion of Hampshire Heights, pending the court's decision on appellants' request for a preliminary injunction. That same day, the trial court granted appellants' request for a TRO and held a hearing on the preliminary injunction. On March 16, 1998, appellees filed a joint motion for summary judgment in which they argued that appellants had no statutory authority to ask for injunctive relief and that Ordinance 708–97 was properly enacted.

On March 17, 1998, the trial court filed an opinion in which it found, based on the evidence presented at the hearing, that:

"[T]here is a strong probability that there is no charter provision in the City of Toledo Charter which allows zoning to take place contrary to state statute.

"[T]here is a strong probability that the City of Toledo has violated R.C. Section 713.10 in not submitting the application to the planning commissions for thirty (30) days.

"[T]here is a strong probability that the City of Toledo has violated R.C. Section 713.12 which provides for at least thirty (30) days notice in a paper of general circulation.

"[T]here is a strong probability that the City of Toledo has violated Toledo Municipal Code Section 1111.01(A) and (E).

"[T]here is a great likelihood that the Plaintiffs will be successful on the merits of this lawsuit.

---

1. Although the complaint originally set forth seven grounds for relief, appellants agreed to reserve their additional claims of unlawful delegation of legislative authority, contract zoning, conditional zoning, and unlawful commercial intrusion into a residential neighborhood for a hearing at a later date, if necessary.

"[T]he rezoning of this area in an unlawful manner has caused irreparable injury to the taxpayers of the City of Toledo.

"[T]he interests of the taxpayers outweigh the interest of any third parties affected by this injunction."

Accordingly, the trial court granted appellants' request for a preliminary injunction and further ordered that "the City of Toledo and the Toledo City Planning Commission and its employees are restrained in any manner from directly or indirectly changing the zoning on the property in question from R–4 to C–3 based upon the action of the Toledo Planning Commission on November 06, 1997 and reflected in a report dated November 07, 1997 and the Toledo City Council action of November 26, 1997 which resulted in Ordinance No. 708–97 as approved on December 10, 1997."

On April 21, 1998, Toledo City Council passed Ordinance No. 646–98, which repealed Ordinance 708–97. On April 27, 1998, appellees filed a motion to dismiss the case and a memorandum in support thereof, in which they asserted that no "real controversy or justiciable issue" remains between the parties. Accordingly, appellees asked the court "for an order dismissing the Plaintiffs' Complaint as moot."

On May 11, 1998, appellants filed a memorandum opposing appellees' motion to dismiss, in which they argued that the case was not moot because the situation is likely to recur in the future. In addition, appellants argued that they are entitled to attorney fees pursuant to R.C. 733.59 and/or Section 118 of the Toledo City Charter.

On June 3, 1998, the trial court filed an opinion in which it found that "[b]ecause the ordinance at issue in Plaintiffs' complaint has been repealed no controversy exists before the Court, [and] the issue is moot." Accordingly, the trial court dismissed the complaint. The trial court granted appellants' request for costs pursuant to R.C. 733.61 but found that appellants were not entitled to attorney fees because the case was moot and no public benefit had been bestowed on the public as a result of the lawsuit.

On June 11, 1998, the Toledo City Planning Commission again voted to approve the rezoning of the property and on July 14, 1998, Toledo City Council passed Ordinance 931–98, approving the rezoning. On July 1, 1998, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B) as to the trial court's denial of their request for attorney fees. On July 2, 1998, appellants filed a timely notice of appeal from the court's June 3, 1998 judgment entry.

On July 15, 1998, appellants asked this court to remand jurisdiction of the case to the trial court pending that court's ruling on the Civ.R. 60(B) motion. Attached to appellants' memorandum in support of the motion for remand was a

copy of a memo to Toledo Mayor Carlton Finkbeiner from Toledo Planning Commission Manager Eugene H. Naujock, dated March 19, 1998. In the memo, Naujock told Mayor Finkbeiner that, in this case, the city's "desire to please the client [Home Depot] by expediting the [zoning change] process caught up with us." Naujock further stated that, prior to March 17, 1998, the city of Toledo was expediting requests for zoning changes, including Home Depot's request, at the risk of violating the procedure mandated by R.C. 713.12. Accordingly, Naujock listed five specific procedural changes which, in his opinion, "respond to requirements addressed by the Court."

On July 20, 1998, this court filed a judgment entry in which we remanded the case to the trial court "for the purpose of allowing that court to rule on appellants' pending Civ.R. 60(B) motion." On July 22, 1998, the trial court filed an opinion and journal entry in which it denied appellants' Civ.R. 60(B) motion, stating that "[b]ecause under the correct statute [R.C. 733.61] a final judgment is required for an award of attorney fees, and because a final determination was never made because of the case becoming moot, the request for relief, asking for such an award is denied."

On September 17, 1998, appellants filed an amended notice of appeal from the trial court's June 3, 1998 and July 22, 1998 judgment entries.

Appellants' first two assignments of error will be considered together, since appellants assert in both that the trial court erred as a matter of law by not addressing the issue of attorney fees. Specifically, appellants argue in support of their first assignment of error that the court should have exercised its discretion as to attorney fees because the city's voluntary repeal of Ordinance 708–97 and the court's subsequent dismissal of the case amount to a final judgment in their favor. Appellants argue in support of their second assignment of error that, because the city changed its method of processing zoning change requests to conform to state law as a result of this lawsuit, a benefit has been bestowed on the public.

▆▆▆ Generally, the decision to award reasonable attorney fees to a successful relator in a taxpayer action is within the sound discretion of the trial court. *State ex rel. Commt. for Charter Amendment Petition v. Avon* (1998), 81 Ohio St.3d 590, 595, 693 N.E.2d 205, 209. Before a court may consider whether a party to a lawsuit may recover attorney fees, there must be explicit statutory authorization for such an award. *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049, 1051. In a taxpayer action, Ohio courts have held that attorney fees may be granted only if a public benefit has been bestowed by the action. *Billington v. Cotner* (1974), 37 Ohio St.2d 17, 66 O.O.2d 9, 305 N.E.2d 805, at paragraph one of the syllabus.

It is undisputed that Section 118 of the Toledo City Charter authorizes an award of attorney fees in taxpayer actions. In this case, however, the trial court found that no final judgment was obtained in appellants' favor because Ordinance 708–97 was repealed before it could be judicially declared void. Accordingly, the trial court concluded that since the case was dismissed as "moot," it could not consider whether appellants are entitled to recover attorney fees.

The threshold determination to be made by this court is whether the dismissal of appellants' complaint, due to appellees' voluntary performance of the action that appellants originally sought to compel by filing the complaint, necessarily prohibits appellants from receiving attorney fees under Section 118 of the Toledo City Charter and R.C. 733.61.

It is well settled that statutes such as R.C. 733.61 are remedial in character and are to be liberally construed and given the broadest interpretation possible. *Brauer v. Cleveland* (1963), 119 Ohio App. 159, 26 O.O.2d 379, 191 N.E.2d 847, at paragraph one of the syllabus, reversed on other grounds (1966), 7 Ohio St.2d 94, 36 O.O.2d 80, 218 N.E.2d 599. See, also, *Cleveland v. Walsh* (1941), 67 Ohio App. 479, 21 O.O. 446, 37 N.E.2d 397; *Maxwell v. Ohio Fuel Gas Co.* (1938), 61 Ohio App. 394, 15 O.O. 262, 22 N.E.2d 639; R.C. 1.11.

Section 118 of the Toledo City Charter provides:

"If the court hearing any such action is satisfied that the taxpayer had good cause to believe his allegations were well founded, or that they are sufficient in law, it shall make such order as the equity and justice of the case demand. In such case the taxpayer shall be allowed his costs, and if judgment be finally entered in his favor, he may be allowed as part of the costs a reasonable compensation for his attorney."

Section 118 is similar to R.C. 733.61, which provides for the award of attorney fees in cases brought by taxpayers on behalf of noncharter municipalities if a judgment is "finally ordered" in the taxpayer's favor.

It is undisputed that the ultimate goal of appellants' lawsuit was the repeal of Ordinance 708–97. It is further undisputed that the trial court dismissed appellants' complaint because appellees voluntarily repealed Ordinance 708–97. Clearly, the trial court dismissed the case because the objectives stated in appellants' complaint had been met.

As to the question of whether attorney fees are precluded because the case became "moot," we note initially that the language of Section 118 and R.C. 733.61 is similar to that of R.C. 149.43(C), which provides:

"If a person allegedly is aggrieved by the failure of a governmental unit to promptly prepare a public record and to make it available to the person for

inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a person responsible for the public record to make a copy available to the person allegedly aggrieved in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney's fees to the person that instituted the mandamus action."

In *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, the Supreme Court of Ohio held that attorney fees may be awarded, pursuant to R.C. 149.43, in cases where a person requests records that are "clearly public," but receives the requested public records "only after [a] mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." *Id.* at 174, 661 N.E.2d at 1052.

This case is analogous to *Pennington, supra.* The record shows that Toledo City Council admittedly delayed the repeal of Ordinance 708–97 until after the trial court found that there was a "strong probability" that the ordinance had been improperly enacted. Thereafter, city officials admitted that they had been "expediting" zoning change requests at the expense of compliance with applicable state law.

Accordingly, this court finds, as a matter of law, that the trial court's dismissal of appellants' complaint due to city council's voluntary repeal of Ordinance 708–97 is the equivalent of a final judgment in appellants' favor, notwithstanding the fact that the city's actions rendered the case moot.

■ As to whether a benefit was bestowed on the public as a result of appellants' lawsuit, it is well settled that the benefit need not be monetary and a fund need not be created or preserved. The benefit obtained by the public through the action of the taxpayer may be of an intangible character, such as the prevention of illegal government activity. *Billington v. Cotner, supra,* 37 Ohio St.2d at 19, 66 O.O.2d at 10–11, 305 N.E.2d at 807.

■ A review of the record demonstrates that Toledo City Council repealed Ordinance 708–97 and that the municipal appellees voluntarily modified their procedures for processing future zoning change requests only after the trial court found that there was a "great likelihood" that appellants would prevail on the merits of their lawsuit. As a result of those changes, the city of Toledo clearly will benefit in the future from a governmental body that provides adequate notice, adequate publication, and an opportunity for the public to be heard on zoning matters in accordance with state law. Accordingly, this court finds, as a matter of law, that a benefit was bestowed upon the public as a result of this

lawsuit. See *Kuzman v. Olmsted Falls* (June 1, 1978), Cuyahoga App. No. 37224, unreported (upholding the trial court's award of attorney fees and stating that "[t]here is no question that the community of Olmsted Falls benefits from a governmental body which uniformly enforces all of the laws duly enacted by its council").

This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and our findings as set forth above, finds that the trial court erred as a matter of law by not exercising its discretion and determining whether appellants are entitled to attorney fees pursuant to Section 118 of the Toledo City Charter and R.C. 733.61. Accordingly, appellants' first and second assignments of error are well taken.

Appellants assert in their third assignment of error that the trial court erred by failing to consider whether appellants are entitled to attorney fees pursuant to R.C. 2721.09. In support thereof, appellants argue that the trial court's March 17, 1998 judgment entry is a "decree" upon which the trial court could have based such an award.

R.C. 2721.09 provides:

"Whenever necessary or proper, further relief based on a declaratory judgment or decree previously granted may be given. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

A review of the record shows that, in their "reply to [appellees'] response to [appellants'] opposition to motion to dismiss" appellants asked the trial court to declare that Ordinance 708–97 is invalid and to "award attorney fees to [appellants] pursuant to § 2721.09 * * *." However, the specific issue of whether appellants are entitled to attorney fees based on the trial court's March 17, 1998 "decree" was not raised in the proceedings below. It is axiomatic that issues not presented to the trial court for consideration may not be considered on appeal. See *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, 462–463. Accordingly, appellants' third assignment of error is not well taken.

Upon consideration whereof, this court finds further that substantial justice has not been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is hereby reversed. This cause is remanded to the trial court for an evidentiary hearing, after which the trial court shall exercise its discretion by determining whether or not appellants are entitled to attorney fees

pursuant to Section 118 of the Toledo City Charter and R.C. 733.61. Court costs of these proceedings are assessed to appellees.

*Judgment reversed and cause remanded.*

SHERCK and ABOOD, JJ., concur.

MELVIN L. RESNICK, J., dissents.

CHARLES D. ABOOD, J., retired, of the Sixth Appellate District, sitting by assignment.

MELVIN L. RESNICK, Judge, dissenting.

I must respectfully dissent from the reasoning and conclusions of the majority in this case. While I sympathize with appellants' situation, the majority's holding emasculates Section 118 of the Toledo City Charter and R.C. 733.61, as both are plain and unambiguous. Section 118 clearly states that a taxpayer may be awarded reasonable attorney fees "if judgment finally be entered in his favor." R.C. 733.61 allows an award of attorney fees only if judgment is finally ordered *in the taxpayer's favor.* R.C. 149.43 does *not* contain comparable language and, thus, is not analogous to either the charter section or the statute. *Ergo,* the *Pennington* case cannot be applied in order to award attorney fees to taxpayers whose declaratory judgment action is dismissed as moot.

We are not a legislative body and, as much as we might like to change certain laws, this writer, unlike the majority, believes that we do not have the authority to amend charter sections, statutes, or ordinances.