[Cite as *State ex rel. McKernan v. Seven Hills City Council*, 2018-Ohio-1830.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105499

---

# STATE OF OHIO, EX REL. LUCY McKERNAN

### RELATOR-APPELLANT

### vs.

# CITY OF SEVEN HILLS, OHIO
# CITY COUNCIL, ET AL.

### RESPONDENTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-870525

**BEFORE:** E.A. Gallagher, A.J., McCormack, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 10, 2018

**ATTORNEY FOR APPELLANT**

Danamarie Pannella
1343 Sharon-Copley Road
P.O. Box 345
Sharon Center, Ohio 44274


**ATTORNEY FOR APPELLEES**

Patrick Dichiro
Law Office of Patrick Dichiro
7325 Summitview Drive
Seven Hills, Ohio 44131

EILEEN A. GALLAGHER, A.J.:

{¶1} Relator-appellant Lucy McKernan appeals the judgment of the Cuyahoga County Court of Common Pleas in this declaratory judgment action concerning an ordinance dispute with respondent-appellee, the city of Seven Hills ("the city"). For the following reasons, we reverse in part and remand.

**Facts and Procedural History**

{¶2} On August 8, 2016, the Seven Hills City Council passed amended Seven Hills Codified Ordinances 66-2016, which amended Section 505.11 of the Seven Hills Codified Ordinances to allow deer hunting, by bow, within the borders of the city. Cognizant of a circulating petition for a referendum vote to challenge the ordinance, council passed Ordinances 108-2016 on October 3, 2016, which repealed Section 505.11. On the same date, the council passed Ordinances 109-2016, an emergency measure to amend Section 505.11 by reimplementing it and allowing bow hunting of deer within city limits. The parties agree that the purpose of adopting the emergency ordinance was to preempt a challenge to the ordinance via referendum.

{¶3} On October 14, 2016, appellant filed a statutory taxpayer's action for injunctive relief pursuant to R.C. 733.59 and sought a declaratory judgment that Ordinances 109-2016 was unlawful. Appellant sought to enjoin enforcement of the ordinance, claiming that it violated R.C. 731.30 in that it failed to state any reasons for the stated emergency and its passage was an abuse of the city's power to enact emergency ordinances. Appellant also sought costs and reasonable attorney fees.

{¶4} On December 2, 2016, appellant filed a motion for summary judgment. The city filed a brief in opposition on December 30, 2016, arguing that appellant's claims were moot because, on October 24, 2016, the city council passed Ordinances 115-2016 that repealed Ordinances 109-2016 and replaced it with a version that addressed the alleged emergency description defect at issue in this case. Appellant filed a reply brief and did not dispute that the city's passage of Ordinances 115-2016 had rendered her challenge of Ordinances 109-2016 moot but argued that she was still entitled to her costs and reasonable attorney fees pursuant to R.C. 733.61 and *Hess v. Toledo*, 133 Ohio App.3d 729, 729 N.E.2d 823 (6th Dist.1999).

{¶5} On January 25, 2017, the trial court issued a journal entry denying appellant's motion for summary judgment as moot. The trial court stated that in light of the repeal of Ordinances 109-2016 and passage of Ordinances 115-2016, it would treat the city's brief in opposition as a motion for summary judgment. The court then granted summary judgment in favor of the city and dismissed the case.

**Law and Analysis**

**I. Summary Judgment**

{¶6} In her sole assignment of error, appellant argues that the trial court erred in granting summary in favor of the city without holding a hearing to address her costs and reasonable attorney fees.

{¶7} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant

to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶8} The decision to award attorney fees to a successful relator in an R.C. 733.59 taxpayer suit lies within the court's discretion. *State ex rel. Badgett v. Mullens*, 177 Ohio App.3d 27, 2008-Ohio-2373, 893 N.E.2d 870, ¶ 59 (4th Dist.) citing *State ex rel. Committee for the Charter Amendment Petition v. Avon*, 81 Ohio St.3d 590, 595, 1998-Ohio-598, 693 N.E.2d 205.  In a taxpayer action properly brought in accordance with the requirements of R.C. 733.59, attorney fees may be awarded to the taxpayer if judgment is finally ordered in their favor, R.C. 733.61, and results in a benefit to the public. *Royal Am. Corp. v. Euclid*, 8th Dist. Cuyahoga No. 37005, 1978 Ohio App. LEXIS 10437 (June 8, 1978), citing *Brauer v. Cleveland*, 7 Ohio St.2d 94, 96 N.E.2d 599 (1966); *Morris v. City Council of Macedonia*, 71 Ohio St.3d 52, 58, 641 N.E.2d 1075 (1994).

> Although a prerequisite to the allowance of attorney fees in a taxpayer's action is the bestowal of a benefit upon the public through the efforts of the taxpayer, the benefit need not be monetary and a fund need not be created or preserved. The benefit obtained by the public through the action of the payer may be of an intangible character, such as the prevention of illegal government activity.

*Billington v. Cotner*, 37 Ohio St.2d 17, N.E.2d 805 (1974), at paragraph one of the syllabus.

{¶9} The fact that a taxpayer action pursuant to R.C. 733.59 is rendered moot by a municipality's repeal of the ordinance in question prior to judgment does not preclude the recovery of the relator's reasonable attorney fees pursuant to R.C. 733.61. *Hess v. Toledo*, 133 Ohio App.3d 729, 736, 729 N.E.2d 823 (6th Dist.1999). The dismissal of a R.C. 733.59 complaint due to a municipality's voluntary repeal is the "equivalent of a final judgment in [the relator's] favor, notwithstanding the fact that [the municipality's] actions rendered the case moot." *Id.*; *see also Royal Am. Corp. v. Euclid*, 8th Dist. Cuyahoga No. 37005, 1978 Ohio App. LEXIS 10437 (June 8, 1978)

{¶10} In this instance, the trial court noted that appellant was seeking costs and reasonable attorney fees as part of her claims but nonetheless denied appellant's motion for summary judgment as moot while simultaneously granting judgment in favor of the city. The city rendered appellant's challenges to Ordinances 109-2016 moot by repealing and replacing it with an ordinance with additional language designed to comply with R.C. 731.30 and the holding of the Ohio Supreme Court in *Youngstown v. Aiello*, 156 Ohio St. 32, 34, 100 N.E.2d 62 (1951) (finding that language nearly identical to that found in Section 6 of Ordinances 109-2016 was insufficient to satisfy a municipality's

duty to announce the reasons for an emergency measure). *See also State ex rel. Laughlin v. James*, 115 Ohio St.3d 231, 2007-Ohio-4811, 874 N.E.2d 1145, ¶ 32-33 (holding that the mere parroting of conclusory language that an emergency ordinance is "necessary for the immediate preservation of the public peace, health, or safety" is insufficient to justify the declaration of an emergency).

{¶11} Therefore, as in *Hess*, the city's act of repealing the challenged ordinance constituted the equivalent of a final judgment in appellant's favor. However, the record contains no indication that the trial court properly considered the question of whether appellant's efforts bestowed a benefit upon the public. Instead, the record reflects that the trial court incorrectly believed appellant's claim for costs and attorney fees was moot.

{¶12} Therefore, we find that the trial court erred in granting summary judgment in favor of the city on appellant's claim for costs and reasonable attorney fees pursuant to R.C. 733.61.

{¶13} The judgment of the trial court is affirmed in part, reversed in part and remanded for proper consideration of R.C. 733.61.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

TIM McCORMACK, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION ATTACHED)


SEAN C. GALLAGHER, J., DISSENTING:

**{¶14}** I respectfully dissent.  In this appeal, McKernan claims the trial court erred by failing to conclude that Ordinance Nos. 109-2016 was invalid and by failing to hold a hearing on attorney fees under R.C. 733.61.  McKernan conceded, in her reply to the city's motion for summary judgment, that repealing the ordinance mooted the need to consider the validity of the statute.   That issue need not be considered.

**{¶15}** R.C. 733.61 provides that if the trial court is satisfied that the taxpayer had good cause to believe that her allegations were well founded, it shall allow the taxpayer her costs, "and, if judgment is finally ordered in [her] favor, [s]he may be allowed, *as part of costs*, a reasonable compensation for [her] attorney."  (Emphasis added.)  Thus, costs are mandatory if the relator has good cause to believe that the allegations are well founded, but attorney fees are discretionary. *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 407, 1996-Ohio-174, 659 N.E.2d 781.

**{¶16}** The trial court resolved the costs issue, which according to the statute includes reasonable compensation for the attorney, and imposed costs each to their own. McKernan argues that the trial court erred in denying her motion for summary judgment because of the city repealing the statute.  The trial court noted that Ordinance 109-2016

was essentially repealed within ten days of the filing, which was a little over two weeks after McKernan had her attorney send a letter to the law director, and that the ordinance was replaced with a substantively identical statute that expressly detailed the reasons for the emergency measure. *See, e.g., Cincinnati ex rel. Zimmer v. Cincinnati*, 1st Dist. Hamilton No. C-090850, 2010-Ohio-4597, ¶ 20 (relator not entitled to fees or costs for pursuing action after the relator had already achieved the desired result). The denial of McKernan's motion for summary judgment is not relevant to the trial court's decision requiring the parties to pay their own costs. These are separate issues.

{¶17} Although there is support for the notion that attorney fees can be awarded when the challenged statute is withdrawn under *Hess v. Toledo*, 133 Ohio App.3d 729, 729 N.E.2d 823 (6th Dist.1999), attorney fees are discretionary. Even if a judgment is entered in favor of the relator, R.C. 733.61 permits attorney fees; it does not mandate them. "'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *Dech-Noble v. Ammons*, 8th Dist. Cuyahoga No. 104896, 2017-Ohio-7403, ¶ 16, quoting *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984), and *Spalding v. Spalding*, 355 Mich. 382, 384-385, 94 N.W.2d 810 (1959). Thus, we review the denial of an award for attorney fees under an abuse of discretion standard of review, not de novo as suggested by McKernan.

{¶18} That is not to say that McKernan is suggesting the fees are mandatory. Instead, she asks only for a remand for the purpose of the trial court conducting a hearing

on the attorney fees issue. But McKernan has not presented any authority standing for the proposition that a trial court is required to conduct a hearing before denying a motion for attorney fees or that the failure to conduct a hearing is an abuse of discretion per se. *See, e.g., Altercare of Mayfield Village, Inc. v. Berner*, 2017-Ohio-958, 86 N.E.3d 649, ¶ 49 (8th Dist.). In this case, it cannot be concluded from the arguments presented that the trial court abused its discretion in denying McKernan attorney fees. App.R. 16(A)(7). I would affirm.