†GUCKENBERGER v. DEXTER ET AL.

1. COMPENSATION UNDER SEC. 1779, REV. STAT., SHOULD NEVER BE LARGE ENOUGH TO INVITE LITIGATION.

The amount of compensation to be allowed, under sec. 1779, Rev. Stat., to an attorney for a taxpayer who volunteers his services for the public benefit, should never be so large as to possibly invite litigation, the moving purpose of which might be the compensation allowed by this section.

---

†For the circuit court decision in the case on which the claim for attorney fees in this action was based, see 9 Circ. Dec., 667. And for Supreme Court decision by which it was affirmed, see 60 Ohio St. 353.

**2. COMPENSATION TO PUBLIC OFFICERS FOR LIKE DUTIES SHOULD BE BORNE IN MIND.**

But the compensation, under the statute, for the performance of a public duty should be as full as circumstances justify; and in determining this the sum allowed public officers for the performance of like duties shou.d be borne in mind.

**3. COMPENSATION FOR PUBLIC DUTIES NOT EXPECTED TO BE AS HIGH AS THAT PAID INDIVIDUALS.**

Compensation for the performance of public duties is not expected to be as high as that paid individuals. The amount to be allowed, therefore, should not be governed by amounts paid by private corporations or individuals for similar services.

**4. AND IS NOT GOVERNED BY AMOUNT SAVED, THOUGH IT MAY BE CONSIDERED.**

Nor should the amount be ascertained by taking as a basis any percentage of the amount saved to the city, although such saving may be considered in estimating the value of the services rendered.

**5. THE AMOUNT ALLOWED FOR THE PROSECUTION OF SUCH AN ACTION.**

For the services of attorneys, three in number, in such an action, to restrain the city of Cincinnati from the performance of a contract made by sinking fund trustees concerning the refunding of a bonded debt amounting to $15,610,000, prosecuted to the Supreme Court, and resulting in a decision holding the contract invalid, and a saving to the city as well as a determination of important questions in respect to refunding bonds, the court allows an attorney fee of $5,500. Plaintiffs asked for $25,000, and testimony of other attorneys as to the value of the services rendered varied in amounts from $3,000 to $25,000.

SWING, J.

By direction of the Supreme Court the question as to allowance to the taxpayer for his costs and a reasonable compensation to his attorneys under sec. 1779, Rev. Stat., in this case has been left to this court.

We have been asked to allow as compensation to plaintiff's attorneys the sum of $25,000.

We have received testimony from quite a number of lawyers in large and active practice as to the value of the services rendered, the amounts ranging from $3,000 to $25,000.

The question involved in the litigation is recognized by every one as being of very great importance to the city, and as a result of the litigation, most valuable results have been obtained for the city, and this must be so, whether there has been a saving to the city in having this particular contract set aside or not, for the power of the city to refund its bonds has been defined in a very important particular, and the question in that regard has been put at rest. The settlement of these important questions has certainly greatly benefited the city. We are strongly inclined to think also that in having the contract in question declared void there has been a great saving to the city, although it can not be definitely ascertained how much, if anything, has been saved to the city in this respect, until the time arrives when these bonds have been refunded; still it would seem to be reasonably certain that the bonds can be refunded when the time arrives for their refunding at a much lower rate of interest than what was provided for in this contract. At the present time the bonds of this city are selling at a price which shows a difference between that provided for in this contract of over $1,200,000; and as the rate of interest for such securities has for more than thirty years been declining uniformly, it hardly seems probable that it will increase in the next ten years. As capital accumulates, the rate of interest declines. And in considering what shall be allowed for compensation in this case, we have taken into consideration that a very important

question has been settled and that a very great saving has been effected by it to the city. The case having been heard by us we are of course familiar with the character of the questions involved. We do not regard the question as being very intricate or difficult of solution; but very able and eminent counsel were employed in opposition to the plaintiff, and every possible point was ably presented by them, and of course it required a very considerable time and ability to meet the arguments of opposing counsel, and this we know was very ably done, and that plaintiff's case suffered nothing at the hands of this able counsel.

We are, therefore, of the opinion that the compensation for the attorneys in this case should be as full as the conditions justify.

But in arriving at this conclusion we are of the opinion that services of this nature are not to be governed by what is paid by private corporations or individuals for similar services. Neither do we think that the amount arrived at should be ascertained by taking as a basis any percentage on the amount saved to the city, although as a whole we have considered that a large amount was involved and has been saved.

Compensation for the performance of public duties is not expected to be as high as that paid by individuals, and in allowing compensation under this provision, what is allowed public officers for the performance of like duties should be borne in mind.

The plaintiff in this case volunteered his services for the benefit of the public with the knowledge that he himself should receive no compensation for whatever service he might render, but the law says he should have his costs and a reasonable compensation for his attorney. We think it evident that the compensation under this provision should never be so large as to possibly invite litigation whose moving purposes might be the compensation allowed by this section.

Entertaining this view in regard to this law, we have concluded to allow the sum of $5,500 for compensation to plaintiff for his attorneys.

And while it comes very far short of being what attorneys have asked for and which undoubtedly they think they should in justice receive, still we are of the opinion that we have been exceedingly liberal in our allowance, even though the services performed have been arduous and able, and the benefit to the city through it has been great and lasting.