Swing, J.
By direction of the supreme court the question as to allowance to the tax-payer for his costs and a reasonable compensation to his attorneys under section 1779, Revised Statutes, in this case has been left to this court.
We have been asked to allow as compensation to plaintiff’s attorneys the sum of $25,000.
We have received testimony from quite a number of lawyers in large and active practice as to the value of the services rendered, the amounts ranging from $3,000 to $25,000.
The question involved in the litigation is recognized by every one as being of very great importansce to the city, and as a result of the litigation, most valuable results have *245 been obtained for the city, and this must be so, whether there has been a saving to the city in having this particular contract set aside or not, for the power of the city to refund its bonds has been defined in a- very important particular, and the question in that regard has been put at rest. The settlement of these important questions has certainly greatly benefited the city. We are strongly inclined to think also that in having the contract in question declared void there has been a great saving to the city, although it can not be definitely ascertained how much, if anything has been saved to the city in this respect, until the time arrives when these bonds shall have been refunded; still it would seem to be reasonably certain that the bonds can be refunded when the time arrives for their refunding at a much lower rate of interest than what was provided for in this contract. At the present time the bonds of this city are selling at a price which shows a difference between that provided for in this contract of over 11,200,000; and as the rate of interest for such securities has for more than thirty years been declining uniformly, it hardly seems probable that it will increase in the next ten years. As capital accumulates, the rate of interest declines. And in considering what shall be allowed for compensation in this case, we have taken into consideration that a very important question has been settled and that a very great saving has been effected by it to the city. The. case having been heard by us we are of course familiar with the character of the questions involved, We do not regard the question as being very intricate or difficult of solution; but very able and eminent counsel were employed in opposition to the plaintiff, and every possible point was ably presented by them, and of course it required a very considerable time and ability to meet the arguments of opposing counsel, and this we know was very ably done, and that plaintiff’s case suffered nothing at the hands of this able counsel.
*246 We are therefore of the opinion that the compensation for the attorneys in this case should be as full as the conditions justify.
But in arriving at this conclusion we are of the opinion that services of this nature are not to be governed by what is paid by private corporations or individuals for similar services. Neither do we think that the amount arrived at should be ascertained by taking as a basis any percentage on the amount saved to the city although, as a whole we have considered that a large amount was involved and has been saved.
Compensation for the performance of public duties is not expected to be as high as that paid by individuals, and in allowing compensation under this provision, what is allowed public officers for the performance of like duties should be borne in mind.
The plaintiff in this case volunteered his services for the benefit of the public with the knowledge that he himself should receive no compersation for whatever service he might render, but the law says he should have Lis costs and a reasonable compensation for his attorney. We think it evident that the compensation under this provision should never be so large as to possibly invite litigation whose moving’^purposes might be the compensation allowed by this section.
Entertaining this view in regard to this law, we have concluded to allow the sum of $5,500 for compensation to plaintiff for his attorneys.
And while it comes very far short of being what attorneys have asked for and which undoubtedly they think they should in justice receive, still we are of the opinion that we have been exceedingly liberal in our allowance,- even though the services performed have been arduous and able, and the benefit to the city through it have been great and lasting.