**HESS et al., Appellees,**

v.

**CITY OF TOLEDO et al., Appellants.**

[Cite as *Hess v. Toledo* (2000), 139 Ohio App.3d 581.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–99–1390.

Decided Aug. 18, 2000.

R. *Michael Frank, H. Buswell Roberts, Jr.* and *W. David Arnold,* for appellees.

*Barbara E. Herring,* Law Director, and *John T. Madigan,* for appellants.

KNEPPER, Presiding Judge.

This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas awarding attorney fees in the amount of $54,583.75 in favor of appellees, Rebecca J. Hess, Marie Sienkowski, and Margaret Daly–Masternak, against the city of Toledo ("city"), and costs in the amount of $3,684.16.

This matter was previously before this court in *Hess v. Toledo* (1999), 133 Ohio App.3d 729, 729 N.E.2d 823. This matter originally arose as a result of appellees' challenge of a Toledo city ordinance that rezoned certain property from residential to commercial. The subject of the prior appeal was the trial court's denial of appellees' motion for attorney fees. The events leading up to the previous appeal were as follows. Appellees' motion for a temporary restraining order was denied, but they succeeded on their preliminary injunction motion. Thereafter, the city repealed the ordinance in question and moved for dismissal of the case on the basis of mootness. The trial court held that the issue in the complaint was rendered moot by the repeal, granted the motion to dismiss, and denied appellees' pending request for attorney fees. The trial court's decision was appealed to this court.

In our previous decision, the issue before this court was whether the trial court erred in determining that appellees failed to satisfy the requirements for an award of attorney fees pursuant to Section 118 of the Toledo City Charter, and whether the trial court erred in determining that appellees' action did not result

in a public benefit. In our June 11, 1999 decision, we held, as a matter of law, that the dismissal of appellees' complaint upon the repeal of the city ordinance was the equivalence of a final judgment in appellees' favor. We also held, as a matter of law, that "a benefit was bestowed upon the public as a result of this lawsuit," *id.*, 133 Ohio App.3d at 736–737, 729 N.E.2d at 828, because the city would clearly "benefit in the future from a governmental body that provides adequate notice, adequate publication, and an opportunity for the public to be heard on zoning matters in accordance with state law," *id.*, 133 Ohio App.3d at 736, 729 N.E.2d at 828. Therefore, we remanded this matter to the trial court to conduct an evidentiary hearing and to exercise its discretion by determining whether appellees were entitled to attorney fees pursuant to Section 118 of the Toledo City Charter and R.C. 733.61.

Upon remand, on August 12, 1999, appellees filed a motion for an award of attorney fees. The trial court held a hearing on November 22, 1999 to consider appellees' motion. The relevant testimony was as follows.

In support of their request for attorney fees, appellees called attorney William Connelly, who testified that this case was not an ordinary type of litigation and that it "required detailed review of the ordinances that were involved, the actions that were involved, the state statutes, [and] case law." He also testified that this type of litigation required more preparation time than standard civil litigation because of the substantive area that had to be covered. With respect to appellees' counsel, Connelly testified that R. Michael Frank, H. Buswell Roberts, Jr., and David Arnold "enjoy[ed] excellent reputations as litigation counsel." Connelly also testified that the rates for similarly situated attorneys in the area ranged between $175 to $250 per hour, and that $200 per hour was "a very reasonable rate," in fact, low. On cross-examination, Connelly testified that he had experience with zoning law insofar as his firm had been involved in the effort to prevent the Lion Store from moving to Franklin Park.

Attorney R. Michael Frank testified that this taxpayer action was the third or fourth that he had handled. With respect to the work involved, he testified that because the ordinance at issue had already been enacted, research was required "to determine whether they had any basis upon which to challenge the ordinance." The research was "rather lengthy" because there were a number of arguments. In addition to the research, the case involved a complaint for preliminary injunction and temporary restraining order, a memorandum in support, a hearing on the temporary restraining order, an amended complaint, a memorandum in support of preliminary injunction, trial preparation, including reviewing exhibits, preparing affidavits, gathering testimony and preparing and interviewing witnesses, a two-day hearing on the preliminary injunction, a

memorandum in opposition to the city's motion to dismiss the complaint, and motions and an appeal concerning appellees' request for attorney fees.

With respect to the other attorneys on the case, attorney Frank testified that attorney H. Buswell Roberts, Jr. assisted him in the preparation for trial, but that their efforts were not duplicative. Attorney John Gustafson performed research on the computer. Attorney W. David Arnold primarily assisted during the early stages of the case with respect to the hearing on the temporary restraining order, acted as editor of Frank's work, and participated in preparing the appellate brief.

With respect to the merits of the case, Frank testified that "the clients had one major objective, and that objective was to get the ordinance repealed so that it would have to be reenacted and they would get a second chance at a referendum." Frank also testified that appellees were successful insofar as the ordinance was repealed and they were provided the opportunity to exercise their right to petition the new ordinance to referendum, which they did.

On cross-examination, Frank testified that it was an objective of his clients to prevent the rezoning of the property from residential to commercial; however, "there was not sufficient law on their side to prevent the actual rezoning" within the lawsuit. Concerning the nature of the case, Frank testified that it presented "a novel legal issue" that required him to "find and create [appellees'] legal arguments." Frank went through this process by reading the statutes, and determining whether there was any basis under the statutes for challenging the procedure in which the city had engaged. Attorney Frank also testified on cross-examination that at least seventy-five percent of his time was devoted to the case during the initial period, and that, during the trial preparation period, he had to "almost exclusively work on this case." With respect to his hourly rate, Frank testified that his hourly rate varied between $150 to $200 per hour. On this particular case, however, no written agreement concerning his hourly rate was entered into, although, during the course of the proceedings, appellees were billed at an hourly rate of $175 per hour.

Following counsel's arguments, the trial court found that this court had held as a matter of law that a benefit was bestowed upon the public as a result of this lawsuit and that, as a result, the taxpayers shall be allowed their costs and reasonable compensation for their attorney fees. The trial court additionally held as follows:

"The only remaining issue that this court has to decide is the reasonable amount of attorney fees for this particular litigation. There is no question that an attorney in dealing with attorney fees has to consider the novelty and the difficulty of the case involved. There is probably only a handful of attorneys in

northwest Ohio that would have even thought of getting involved in this particular litigation.

"As far as the amount of hours involved, a lot of hours were spent in this case to potentially simplify the issues before the court, so maybe by the time it was presented to me, maybe it was a no-brainer, but it took a lot of time to go through documents and go through the case law to get it to that simplified version.

"The other fact that the court is taking into account is the original fee agreement with the Westgate Neighbors Association. In that fee agreement the hourly rate of a hundred and 75 dollars was agreed to as it related to Mr. Frank's handling of this particular case."

The trial court then awarded attorney fees for the hours spent by attorneys Frank, Arnold, and Roberts at the rate of $175 per hour, and for attorney Gustafson at the rate of $150 per hour, against the city of Toledo. It is from this judgment that the city appeals, and raises the following assignments of error:

"I. The trial court abused its discretion by failing to consider the value of the public benefit bestowed by the plaintiffs' taxpayer suit.

"II. The trial court abused its discretion by failing to specify in its order the basis for its fee determination.

"III. The trial court abused its discretion by awarding attorney fees to the plaintiff[s]-appellees for work that was unnecessary or unsuccessful.

"IV. The trial court erred by not basing its award of attorney fees on the hourly rate of pay for the Law Director of the city of Toledo."

In its first assignment of error, the city argues that appellees should not be entitled to attorney fees because their action "served only a secondary benefit to the public and a minimal one at best." Contrary to the city's argument, we find that requiring the city to comply with the law is not an insignificant or minimal benefit to the public. Therefore, we find that the trial court correctly held that we had already determined, as a matter of law, that a benefit was bestowed upon the public.

The city also asserts that the trial court failed to consider other factors in determining the reasonableness of the attorney fees, such as the "novelty and difficulty of the questions involved." We again disagree.

The amount awarded for attorney fees is within the sound discretion of the trial court. *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464, 467. Generally, when awarding reasonable attorney fees, the trial court should calculate the number of hours reasonably expended and multiply that number by the hourly fee. See *id.* at syllabus. Thereafter, the

trial court "may modify that calculation by application of the factors listed in DR 2–106(B)." *Id.* DR 2–106(B) states:

"Factors to be considered as guides in determining the reasonableness of a fee include the following:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

*Bittner* recognized, however, that all of these factors "may not be applicable in all cases" and that "the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation." *Bittner* at 146, 569 N.E.2d at 467.

■ The trial court specifically stated the area of law was such that "only a handful of attorneys in northwest Ohio * * * would have even thought of getting involved in this particular litigation." Additionally, the trial court recognized that the case involved complicated issues and that it took counsel a lot of time to go through documents and the law to get the case to the simplified version that it was in when it was presented to the court.

We find that there was testimony to support the trial court's ruling and, therefore, the trial court did not abuse its discretion. Accordingly, the city's first assignment of error is found not well taken.

■ In its second assignment of error, the city argues that the trial court abused its discretion by failing to specify in its order the basis for its fee determination. We disagree with the city's argument. The trial court clearly stated on the record that it considered the fee arrangement between appellees and counsel in arriving at the hourly rate, which was $175 per hour. There was ample testimony at the hearing and in supporting affidavits that this rate was reasonable in the community. Accordingly, the city's second assignment of error is also found not well taken.

In its third assignment of error, the city argues that the trial court abused its discretion by awarding attorney fees for work that was unnecessary or unsuccessful. Specifically, the city argues that appellees did not prevail on their claims of "conditional zoning, contract zoning" and "an unlawful and unreasonable incursion into an existing residential neighborhood" that were pled in their original complaint, and, in fact, dropped those claims after appellees prevailed on their motion for preliminary injunction. In addition, the city argues that appellees' motion in opposition to the motion to dismiss was unnecessary because once the ordinance was repealed, appellees had obtained all the relief they had sought, and, therefore, had no basis to object to the dismissal of the case. Further, because appellees did not achieve complete success on their motion for a temporary restraining order, the time spent on this effort should have been excluded from the attorney-fee award. We disagree.

The trial court clearly considered the time spent by counsel preparing this case and the arguments to be presented and found it to be reasonable and necessary. Not all of the claims and arguments researched were presented or pursued; however, the trial court recognized that the time was necessarily spent in order to simplify the issues before the court. Further, based on the testimony during the hearing, we concur with the trial court that the time spent on appellees' response to the city's motion to dismiss and on their motion for a temporary restraining order was reasonable and necessary.

Accordingly, we find that the trial court did not abuse its discretion in allowing appellees to recover attorney fees for the time spent on the items to which the city objects. Thus, the city's third assignment of error is found not well taken.

In its fourth assignment of error, the city argues that the trial court erred by not basing its award of attorney fees on the hourly rate of pay for the Law Director of the city of Toledo. The city relies on *Guckenberger v. Dexter* (1899), 10 Ohio C.D. 174, 18 Ohio C.C. 244, regarding what amount should be awarded taxpayers for attorney fees in actions taken on behalf of a municipality. *Guckenberger* held that "services of this nature are not to be governed by what is paid by private corporations or individuals for similar services." *Guckenberger* at 176, 18 Ohio C.C. at 246. The court also held, "Compensation for the performance of public duties is not expected to be as high as that paid by individuals, and in allowing compensation under this provision, what is allowed public officers for the performance of like duties should be borne in mind." *Id.*

In this case, attorney Frank testified that the taxpayers requested the city law department to pursue an action on behalf of the taxpayers against the unlawful ordinance; however, the city elected not to proceed on appellees' behalf. Hence, appellees obtained their own counsel to challenge the ordinance.

In determining the amount that should be awarded per hour, appellees presented ample testimony that $200 per hour was reasonable, and even low, for the services rendered. The city, however, presented evidence that the city law director's salary was $40.80 per hour. This amount, however, excludes whatever amount might be paid for retirement, vacation leave, sick leave, medical or life insurance, and overhead costs for running the office. No amount was set for any of these additional benefits. Therefore, we find that, even if the law director's amount of compensation should be considered, $40.80 does not fully reflect what amount this would be.

Given the foregoing, we find that the trial court did not abuse its discretion in this case by awarding $175 and $150 (for attorney Gustafson) per hour for appellees' reasonable and necessary attorney fees. Accordingly, we find the city's fourth assignment of error not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. The city is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

SHERCK and PIETRYKOWSKI, JJ., concur.