# JOHN V. HEUTSCHE CO. L.P.A.

### v.

## McNEA.

Cleveland Municipal Court, Ohio.

No. 2007 CVF 06320.

Decided Dec. 31, 2008.

24

John V. Heutsche, for plaintiff.

Joseph P. O'Malley, for defendant.

LAUREN MOORE, Judge.

{¶ 1} The magistrate's decision is hereby approved and adopted. Judgment for defendant. It is so ordered.

Magistrate's Decision

{¶ 2} On November 19, 2008, by referral from Judge Lauren Moore pursuant to Civ.R. 53, Magistrate William F.B. Vodrey presided over the trial in this case. Present were both plaintiff and defendant, who were represented by counsel. Attorney Carl A. Murway also testified for plaintiff as an expert witness, having been certified without objection pursuant to Evid.R. 702. All witnesses were duly sworn. After due consideration of the testimony and exhibits, the magistrate's decision is as follows.

Findings of Fact

{¶ 3} Plaintiff is a legal professional association, but for purposes of this decision will be referred to as the individual of the same name, who both testified in this case and served as plaintiff's counsel. Plaintiff has been in legal practice since 1973 and is a highly experienced and respected attorney. Defendant has held several government jobs and in 1995 to 1999 was personal bailiff to a judge of this court who has since left the bench. Defendant now works in the office of the Cuyahoga County Administrator. He married in 1997, and he and his wife later had two children.

{¶ 4} In late 2006, defendant consulted with four different lawyers, plaintiff among them, in anticipation of a divorce filing by his wife. Defendant met with plaintiff or his staff, or consulted with them by phone, on August 7 and 23 and September 8 and 13, 2006. Five weeks after the parties' initial meeting, plaintiff sent defendant a draft attorney-client fee agreement. However, when defendant learned that he might have to pay between $5,000 and $50,000 for plaintiff's legal services depending on how contentious or lengthy the divorce proceedings were, he suffered "sticker shock" and decided not to hire plaintiff. He did not sign the draft agreement. On October 23, 2006, he sent plaintiff a letter making clear that plaintiff did not represent him. Defendant then engaged Michael Saltzman to

handle his divorce for a considerably smaller fee than plaintiff had sought and was pleased with his work. Defendant is now divorced.

{¶ 5} Plaintiff contends that the parties formed an implied attorney-client relationship and that defendant owes him for services rendered. Defendant strongly denies both. Plaintiff now seeks $1,050 for the value of professional services rendered.

Conclusions of Law

{¶ 6} At trial, a court must determine the credibility of witnesses and the weight to be given the evidence. *In re Lieberman* (1955), 163 Ohio St. 35, 38, 56 O.O. 23, 125 N.E.2d 328; *Bowlin v. Black & White Cab Co.* (1966), 7 Ohio App.2d 133, 141, 36 O.O.2d 288, 219 N.E.2d 221. The quality of evidence is more important than its quantity. If trial testimony or other evidence is in conflict, the court must decide which to believe and which to disbelieve. *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212. All of the witnesses were generally credible.

{¶ 7} Attorney-client relationships may be created when "an attorney advises others as to their legal rights, a method to be pursued, the forum to be selected, and the practice to be followed for the enforcement of their rights." *Landis v. Hunt* (1992), 80 Ohio App.3d 662, 669, 610 N.E.2d 554. "The rendering of legal advice and legal services by an attorney and the client's reliance on the advice and services are * * * the benchmarks of an attorney-client relationship." *Sayyah v. Cutrell* (2001), 143 Ohio App.3d 102, 111, 757 N.E.2d 779. A contract creating an attorney-client relationship may be either explicit or implied. *Fox & Assocs. Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 541 N.E.2d 448, syllabus. To avoid misunderstandings, the use of written fee agreements is strongly encouraged by Ohio courts, although not mandatory. *Cuyahoga Cty. Bar Assn. v. Hardiman,* 100 Ohio St.3d 260, 2003-Ohio-5596, 798 N.E.2d 369, ¶ 12; Prof. Cond.R. 1.5(b). Whether or not an attorney-client relationship was created "turns largely on the reasonable belief of the prospective client." Id. at ¶ 10; see also *Disciplinary Counsel v. Furth* (2001), 93 Ohio St.3d 173, 754 N.E.2d 219.

{¶ 8} Plaintiff concedes that the parties had no formal, written attorney-client agreement. However, he argues that an attorney-client relationship was nevertheless formed and that the legal doctrine of quantum meruit now permits him to recover damages. Damages in quantum meruit are generally awarded when one confers some benefit upon another without being compensated for the reasonable value of the services rendered. *Akron Bar Assn. v. Catanzarite,* 119 Ohio St.3d 313, 2008-Ohio-4063, 893 N.E.2d 835, ¶ 16, fn. 1; *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920. Quantum meruit requires compensation when a party would otherwise be

unjustly enriched. Unjust enrichment occurs when one retains money or benefits which, in justice and equity, belong to another. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 14 N.E.2d 923; *Seward v. Mentrup* (1993), 87 Ohio App.3d 601, 603, 622 N.E.2d 756. The essential elements for recovery under a theory of quantum meruit are the following:

{¶ 9} " '(1) Valuable services were rendered or materials furnished, (2) for the person sought to be charged, (3) which services [or] materials were accepted by the person sought to be charged, [and were] used [or] enjoyed by him, (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services was expecting to be paid by the person sought to be charged.' " *Sonkin & Melena Co., L.P.A. v. Zaransky* (1992), 83 Ohio App.3d 169, 614 N.E.2d 807, quoting *Montes v. Naismith & Trevino Constr. Co.* (Tex.Civ.App.1970), 459 S.W.2d 691, 694.

{¶ 10} The amount of attorney fees to be awarded, if any, is within the sound discretion of the trial court. *Bittner v. Tri–Cty. Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464; *Hess v. Toledo* (2000), 139 Ohio App.3d 581, 744 N.E.2d 1236. When an attorney is discharged by his client, he is entitled to recover the reasonable value of services rendered to the client prior to discharge. *Purdon,* 44 Ohio St.3d at 72, 541 N.E.2d 448. The Cleveland Municipal Court has broad legal and equitable powers in the cases before it. R.C. 1901.13(B).

{¶ 11} Abraham Lincoln, a noted Illinois attorney before his 1860 election to the Presidency, once said, "A lawyer's time and advice are his stock in trade." Generally, an attorney may charge whatever the market will bear and to which a client has agreed, consistent with his ethical duty not to overbill or to charge for services not rendered. However, in this case, the court is not persuaded by a preponderance of the evidence that the parties ever formed an attorney-client relationship, either explicitly or by implication, or that plaintiff is entitled to payment for any services rendered under a theory of quantum meruit. Under the *Sonkin* test, plaintiff fails on both the third and fourth elements, as defendant credibly denied making any use of plaintiff's legal advice, and reasonably thought he was simply receiving information from plaintiff about how his divorce might unfold before deciding which counsel to actually hire.

{¶ 12} Plaintiff has failed to prove his case by a preponderance of the evidence.

Holding

{¶ 13} Accordingly, judgment is granted for defendant on the complaint.

So ordered.